## W. W. Bricker, Respondent, v. Robert E. Stone *et al.*, Appellants.

### Kansas City Court of Appeals, January 18, 1892.

1. **Principal and Surety :** EXTENT OF LIABILITY. A surety is not to be held beyond the precise terms of his contract, and his liability cannot be extended by implication.

2. **Pleading :** RULE OF INTERPRETATION. The language of a pleading should be taken in its plain and ordinary meaning, and such an interpretation given it as fairly appears to have been intended by the pleader.

3. ———— : PRINCIPAL AND SURETY : BOND. The condition of a bond was that the principal should truly and faithfully account for all moneys used in a co-partnership business. A petition against the sureties alleged that the principal refused to pay over, after demand, the balance found due by him to plaintiff. *Held*, the petition sufficiently charges a conversion and states a cause of action.

4. **Continuance :** DISCRETION OF THE COURT : REVIEW. An application for a continuance should show diligence, and the discretion of the trial court in refusing it will not be reviewed unless it is apparent there has been an abuse.

5. **Evidence :** SURETY : SETTLEMENT OF PRINCIPAL. One member of a partnership, the active partner, gave a bond to the other to account for all money used in the partnership and to make monthly statements. A final settlement made, by agreement of the partners, by an expert accountant from the books, papers and vouchers of the firm kept and made by the principal bond during the currency of the partnership, is admissible in evidence in action on the bond against the sureties.

6. **Reference :** STATUTE : DIRECTORY. The statute in relation to references is only directory.

7. **Principal and Surety :** SETTLEMENT OF PRINCIPAL : INSTRUCTION : COMMON ERROR. In an action on a bond given by one partner to another, it is error to give an instruction declaring that if the principal and his partner settled and agreed that a certain sum was due from the principal, then such settlement was presumed to be correct and bound the sureties unless the evidence shows to the contrary. But where the appellant's instruction contains the same fault, such error will not work a reversal.

8. **Instructions**: MISLEADING : TAKEN TOGETHER. The instructions in this case reviewed and *held* not to be misleading when taken together,

*Appeal from the Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Berry & Thompson*, for appellants.

(1) The petition does not state a cause of action. The condition of the instrument sued on is that the principal shall account to the partnership for all moneys used by the partnership in the lumber business, and that is all. The sureties are liable, if at all, only for any money of the firm that R. E. Stone might embezzle or convert to his own use and not account for, and only according to the letter of their contract. *Nofsinger v. Hartnett*, 84 Mo. 549; *Prior v. Kiso*, 81 Mo. 241; Brandt on Suretyship and Guaranty, secs. 79, 80. (2) The court erred in refusing a continuance, as prayed for. (3) The alleged settlement of Bricker and R. E. Stone amounted to nothing so far as the sureties of Stone were concerned ; it settled nothing as to them, and they were entitled to have the case referred to a referee to take the testimony and make a finding as to the affairs of the partnership business. Brandt on Suretyship and Guaranty, sec. 508; *Stetson v. Bank*, 2 Ohio Stat. 167; *Trousdale v. Phillips*, 2 Swan. (Tenn.) 384; *Hutch v. Elkins*, 65 N. Y. 489; *Hotchkiss v. Lyon*, 2 Blackf. (Ind.) 222 ; *Kilpatrick v. Houck*, 80 Ill. 122. (4) The court erred in admitting the evidence of plaintiff of the alleged settlement with R. E. Stone. See the authorities last above cited. (5) The court erred in admitting in evidence to the jury the written statement made out by the witness Feagans from the books of the partnership. It was immaterial and incompetent. (6) The court erred in giving the

Bricker v. Stone.

plaintiff's instruction, numbered 2. It submitted matters. to the jury that were not properly involved in the case, and is argumentative and misleading. See authorities cited under 3. (7) The court erred in refusing appellant's fourth and sixth instructions as asked, and giving the same in a modified form, and also in giving instructions 7 and 8 of its own motion.

*W. H. Sears* and *Ben Eli Guthrie*, for respondent.

(1) The petition does state a cause of action. Even though inartificial, it clearly sets forth a breach of the condition of the bond. That is its manifest intent upon its face, and that is sufficient. *Stillwell v. Hamm*, 97 Mo. 579; *State v. Pace*, 34 Mo. 458; *Warnick v. Baker*, 42 Mo. App. 439. (2) The application for a continuance was properly overruled. "All intendments are taken against the statements contained in the application for a continuance." *State v. Pagels*, 92 Mo. 300; *Richey v. Bronson*, 33 Mo. App. 418, 425. The trial court had a record showing the, dates and all the preceding proceedings, as well as the actions of the parties, besides many other things that this court cannot know, and of which it was compelled to take judicial notice, and this court will not interfere with the discretion of the trial court in the premises. *State v. Carter*, 98 Mo. 176. (3) The settlement between Bricker and Stone made by Feagans and the statement made at the time were both properly admitted in evidence. *Father Matthew Society v. Fitzwilliam*, 12 Mo. App. 445; s. c., 84 Mo. 406; *Low v. Taylor*, 41 Mo. App. 517; *State to use v. Rosswaag*, 3 Mo. App. 11; *Ins. Co. v. Chouteau*, 10 Mo. App. 579; Brandt on Suretyship, secs. 520, 521. (4) Plaintiff's instruction, numbered 2, is the law. *Vide* authorities under 3. (5) The modification of appellants' sixth instruction was proper and made it conform to their second instruction. They in that instruction asked the

court to tell the jury that they were bound "to make good to the plaintiff," etc. And now they are complaining of the court for doing the very thing they invited it to do. Such things ought not to be. *Bybee v. Irons*, 33 Mo. App. 659 ; *Atkinson v. Taylor*, 34 Mo. App. 442 ; *Connoble v. Clark*, 38 Mo. App. 476 ; *Building Ass'n v. Kleinhoffer*, 40 Mo. App. 388 ; *State v. Beaty*, 25 Mo. App. 214 ; *Tetherow v. Railroad*, 98 Mo. 74. ( 6 ) The instructions given of the court's own motion are in strict harmony with appellants' second, third and fifth instructions asked and given, and confined the jury even more than they did.

SMITH, P. J.—This is a suit by plaintiff against defendants on a bond for $2,000. The bond was given to secure the faithful accounting by defendant Stone to plaintiff for the money used in business of a certain copartnership which had been entered into between plaintiff and said Stone.

I. The appealing defendants, against whom the plaintiff had judgment in the court below, assail the petition on the ground that it does not state a cause of action. The question thus presented is whether the petition states a breach of the conditions of the bond by Stone, the principal therein, for which the other defendants, who are securities therein, are liable. The rule has been long settled in respect to the liability of a surety, that he is not to be held beyond the precise terms of his contract. His liability cannot be extended by implication. *Nofsinger v. Hartwell*, 84 Mo. 549 ; *Prior v. Kiso*, 81 Mo. 241. The petition states that it is recited in the obligation of the bond that, " Whereas Stone & Bricker have formed a copartnership for the purpose of engaging in the lumber business," * * * and "whereas Bricker is to furnish the sum of $2,000 or more as *the capital* of said business, and the said Stone is to be the active partner to conduct and manage said business, " etc.; "now, therefore,

if said Stone shall truly and faithfully account for all moneys used in said business and shall render monthly statements of the transactions of the business the obligation is to be void." The breach of this obligation was alleged in the petition to be that the said Stone took charge of the partnership business and a large amount of the assets belonging to said copartnership to be accounted for according to the conditions of said bond. It was further alleged that the said Stone committed a breach of the bond in that he failed to truly and faithfully account for all money used in said business ; that the said plaintiff and Stone made a settlement of the partnership business, whereby there was found to be due plaintiff by said Stone $1,081.33 ; that the partnership was by mutual consent then dissolved ; and that the said Stone neglected to pay plaintiff the said balance due him so ascertained.

The old rule that a pleading should be construed most strongly against the pleader has been abrogated by statute. The rule now in force is that the language of the pleading should be taken in its plain and ordinary meaning, and such an interpretation given it as fairly appears to have been intended by the pleader. *Stillwell v. Hamm*, 92 Mo. 579 ; *Warnick v. Baker*, 42 Mo. App. 439 ; *State v. Pace*, 35 Mo. App. 458. Having in view this rule of pleading as well as that in relation to the liability of a surety already referred to, we are of the opinion that the facts alleged in the petition as constituting a breach of the bond by Stone show a liability of Stone for which his sureties should be held. If it be true as alleged that, after a settlement of the partnership business and a dissolution thereof, there remained in the hands of Stone the amount charged as part of the assets of the partnership, which under the partnership agreement belonged to plaintiff and which Stone refused to pay over, no reason is perceived in the law why the sureties under the terms of their contract, which was to the effect that Stone "shall truly and faithfully account

for all moneys used in the business," would not be liable therefor. The allegation, that the said Stone refused to pay over to plaintiff after demand the balance found on settlement to be due by him to plaintiff, sufficiently charges a conversion by Stone of the partnership assets to which plaintiff was entitled. The sureties by the terms of the bond guaranteed that Stone would faithfully account for all moneys used in the partnership business in which it appears by the allegations of the petition that he made default. They by its very terms made themselves liable to the extent of the penalty therein named for the alleged default and misconduct of Stone.

We think the petition states a cause of action.

II. No error is perceived in the action of the court in denying the defendants' application for a continuance. We are not satisfied that the application shows that measure of diligence on the part of the defendants enjoined by law. Besides, such applications are always addressed to the discretion of the court, which will not be interfered with by the revisory courts unless it is apparent that there has been an abuse, which we think is not the case here.

III. The defendants further complain of the action of the trial court in admitting evidence of the so-called settlement between plaintiff and Stone of the partnership business, whereby the balance was ascertained from the partnership books of account to be due by the latter. An examination of the bill of exceptions shows that the defendants objected to this evidence because incompetent and irrelevant. Such an objection does not constitute the basis of an exception. If evidence is objected to for incompetency or irrelevancy or on any other general ground, the objection should specify why or in what. *Clark v. Loan Co.*, 46 Mo. App. 248. But we think the evidence of the settlement of plaintiff and Stone was properly admitted. It was

Stone's duty under the partnership agreement as manager to keep the books and accounts of the business and to make monthly reports thereof. This he did not do; after the business had run some six months the plaintiff discovered that Stone had grossly mismanaged it, and that there was a defalcation by him. Owing to the confusion and entanglements in his accounts, the plaintiff was unable to ascertain therefrom the exact condition of the business of the partnership. It was then agreed between plaintiff and Stone that the books, accounts and vouchers of the firm should be placed in the hands of a skilful accountant to go over and ascertain therefrom the true and correct condition of the partnership business. This task was confided to Captain Feagans, who investigated the partnership books, accounts, and vouchers which had been kept by Stone, and he ascertained therefrom that after allowing Stone credit for everything to which he was entitled that there was the deficit sued for. The books, accounts and vouchers were original evidence, and they showed when posted the unaccounted for balance claimed. The result was not ascertained from statements or admissions of Stone after the severance of the partnership relation. The entries on the books of account, as well as the memoranda and vouchers from which the balance was ascertained, were made by Stone while in the active management of the partnership business. The undertaking of the sureties covered this period. They were bound by the very terms of that undertaking that during this period Stone would faithfully account for the money used in the partnership business.

The entries in the books, together with such other memoranda and vouchers there made by him, constituted the very best evidence. They were admissions and statements made at a time he was authorized to act and speak and thereby bind his sureties. This evidence tended to show acts constituting a legal liability which would bind the sureties, and it was not subject

to the objection that it was not part of the *res gestæ.*
It did not consist of admissions and acknowledgments
made by Stone after he ceased to act in his partnership
capacity. Besides this, it was his duty as manager of
the partnership to have rendered monthly statements
of the transactions of the partnership. It was his duty
at least to have made a final statement from his books
of the condition of the partnership. He could have
done this, or he could, as was the case, have employed
another to do it. The act of the accountant must be
regarded as but the performance of a neglected duty by
Stone himself. The evidence of what is termed the set-
tlement shows what Stone's acts were during the time
he was transacting the partnership business. It is a
record of the current partnership transactions, and we
think the statement based thereon was admissible for
the purpose of establishing a *prima facie* liability on
the part of the sureties. What has just been said finds
abundant support in the principles announced in the
following cases: *Low v. Taylor*, 41 Mo. App. 518;
*Father Matthew Society v. Fitzwilliams*, 12 Mo. App.
445 ; *Stetson v. Bank*, 2 Ohio St. 167 ; *Hatch v. Elkins*,
65 N. Y. 489.

The statutes in relation to the subject of references
is only directory. The court was not bound to refer the
case. It was a matter entirely within its discretion.
*Fitzgerald v. Haywood*, 50 Mo. 516.

IV. The next error assigned by defendants is
that the court erred in instructing the jury for plain-
tiff to the effect that the settlement between plaintiff
and Stone, by which it was agreed between plaintiff and
Stone, that, allowing said Stone for all losses and bad
debts, there was $1,081.53 due plaintiff as assets and
cash that he had not accounted for and paid over, and
they then dissolved and settled them, that such settle-
ment is presumed to be correct, and defendants are
bound by it unless the evidence shows to the contrary.

This instruction is erroneous. The assent or admission of Stone, after the dissolution of the partnership, that any amount was due by him could not bind his sureties. The sureties were bound for any defalcation made by him while managing the partnership business, but it was improper to direct the jury that the amount of such defalcation could be established by the subsequent agreement of plaintiff and Stone. And were it not for a similar error in one of the instructions asked by the defendants themselves, we should feel compelled to reverse the judgment. The defendants asked the court to instruct the jury that the defendants, Stone's sureties, were not concluded by any settlement or agreement as to the amounts that may have been made between plaintiff and Stone. This instruction of the defendants thus recognizes the theory of the plaintiff's instruction. It gave sanction to the very error in the plaintiff's instruction of which complaint is made. The theory of both of these instructions, that defendant Stone could bind his sureties as to the amount of his defalcation by an admission or agreement made by him subsequent to the dissolution of the partnership relation, would not be tolerated were it not that the error just referred to is common to the instructions of both sides of the case.

V. The defendants further contend that the court erred in refusing the third, fourth and sixth instructions, and giving the same in a modified form, and also giving on its own motion those numbered 7 and 8. The defendants maintain that these instructions are erroneously based upon the theory that Stone should not only account for money used in the business, but that he should pay over to Bricker all money and property used in the business, no matter how the loss occurred. These instructions are unobjectionable when viewed in connection with other instructions given by the court, and particularly the second and third of the defendants, which told the jury that the sureties were

only bound to make good to the plaintiff whatever amount of money, if any, that Stone failed to account for during the continuance of the partnership, and that they were not liable for any loss of profits on lumber sold, bad debts or accounts contracted in business. So that it is not believed that the jury could have been misled by the language of the instructions complained of.

VI. We cannot say that there was no evidence to authorize the amount of the verdict, or that it was excessive.

VII. The petition alleges that Stone did not faithfully account for all money used in the business of the partnership, and that there was the balance sued for due by defendants to plaintiff. This was a sufficient allegation under the statute, as construed in *Stillwell v. Hamm, supra,* and, therefore, the motion in arrest was properly overruled.

' The judgment will be affirmed. All concur.