John M. Devore, Respondent, v. Vitallis Staeckler *et al.;* Christian Sparfeld, Appellant.

St. Louis Court of Appeals, May 3, 1892.

Appeal from Justices' Courts: JURISDICTION OF APPELLATE COURT. A justice of the peace sent to the circuit court of his county a transcript of his docket in a cause, showing that final judgment had been rendered therein, but the record failed to show that any affidavit or bond for appeal was filed with the justice, or that any appeal was allowed by him, or that the allowance of the appeal was procured under Revised Statutes, 1889, section 6333, by proceedings in the circuit court. *Held,* that neither the circuit court, nor this court on appeal to it, acquired any jurisdiction to dispose of the cause on its merits, and that the cause should, therefore, have been stricken from the docket of the circuit court.

*Appeal from the Cape Girardeau Circuit Court.*
Hon. H. C. O'Bryan, Judge.

Reversed and remanded *(with directions).*

*Wilson Cramer,* for appellant.

*J. W. Limbaugh,* for respondent.

Thompson, J.—This was a suit commenced before a justice of the peace against two defendants jointly, Thedallis Staeckler and Christian Sparfeld. The justice rendered a judgment for the plaintiff against both defendants, and there was a supposed appeal to the circuit court. In the circuit court a judgment was rendered *de novo* against the defendants and John G. Schulz as surety on their appeal bond, from which judgment the defendant Sparfeld prosecutes the present appeal to this court. The respondent challenges the jurisdiction of the circuit court and of this court to deal with the merits, on the ground that no appeal was ever granted by the justice of the peace to the circuit court

in compliance with the statute or otherwise. In order to the proper determination of this question it seems necessary for us carefully to set out the various steps touching the appeal, which took place in the justice's court and afterwards in the circuit court, stating them in their chronological order; next, to set out several provisions of the governing statute; and, finally, to ascertain the application of these statutory provisions to the facts set out.

This action was commenced before the justice of the peace on August 23, 1889. The justice's transcript recites that "plaintiff filed, August 23, 1889, for suit, an account for $35.52, dated July 8, 1889." Summons was issued to a constable, returnable September 7, 1889. On that day the justice entered a judgment of nonsuit, by reason of the failure of the plaintiff to appear. He afterwards set aside this judgment "for good grounds," and set the cause down for trial on the fifth day of October, 1889. On that date the case was called for trial, and his transcript of the trial is as follows: "The summons issued in this case returned executed as the law directs, and the cause coming on to be heard, the plaintiff having made proof of his complaint, it is, therefore, considered by the justice that plaintiff recover of defendants the sum of $35.52 for his debt, and $5.05 for his costs, and that he have execution therefor." This was all that the justice sent to the circuit court, and was the only basis of the jurisdiction upon which the circuit court assumed to render judgment on the merits. He sent up no statement of the account sued on, such as the statute (R. S., sec. 6138) requires to be filed, and which, though formal strictness is greatly relaxed, is necessary as a basis of jurisdiction, just as a petition is in a suit commenced in the circuit court. He sent up no transcript entry of an order granting an appeal from his judgment to the circuit court. He sent

up no affidavit for such an appeal.   He sent up no bond for such an appeal.   Keeping in mind the date of the justice's judgment, namely, October 5, 1889, and, following the dates in their chronogical order, we find that, on August 26, 1891 (a judgment of some sort having been previously rendered in the case in the circuit court), the defendant Sparfeld made some sort of a motion to have the same corrected and properly re-entered of record; whereupon the court amended and corrected such previous judgment and re-entered the judgment from which this appeal is taken.   From certain recitals in the bill of exceptions we infer that the original judgment of the circuit court (prior to its being corrected) was entered at the May term, 1891; that a motion for new trial was made at that term, and continued to the August term, A. D. 1891, the date at which the judgment was corrected and re-entered.   On the hearing of the motion for new trial the defendant submitted certain evidence, consisting of:  *First*.  A motion made by the plaintiff at the May term, 1890 (*sic*), and filed May 7, 1890, to dismiss this appeal. The grounds of the motion were:  "That there is no transcript filed herein showing that any appeal was ever granted; that there is no affidavit for appeal filed by the appellant herein; that said appeal, if any was ever taken or granted, was taken and granted more than ten days before the date of the January term, 1890, of this court, and no notice of appeal had ever been given to this appellee."  *Second*.  A rule on the justice of the peace, granted at the January term, 1890, of the circuit court, commanding him to "certify to the clerk of the court a full, true and correct transcript of the record and proceeding had before him herein, together with all the original papers," and continuing the cause. *Third*.  An affidavit for appeal made by the defendant, Christian Sparfeld, *in the cui cuit court* at the May term,

1890, which affidavit seems to be in due form, and to have been filed by the clerk of the court on the fourteenth of May, 1890. ·This, it is perceived, was an attempt on the part of Sparfeld to perfect the appeal under the provisions of section 6340 of the Revised Statutes, which will hereafter be set out. *Fourth.* An entry from the records of the circuit court, showing a filing of this affidavit, but not exhibiting any order *of the circuit court* granting an appeal from the justice, as the clerk, in making up his transcript, states by way of recital. *Fifth.* An entry from the records of the circuit court, showing that the appellee (this plaintiff) · entered his appearance in the circuit court at the August· term, 1890, and on the twenty-sixth day of August, which entry is as follows: "Now comes the plaintiff and appellee herein, by attorney, and enters his appearance." *Sixth.* An appeal bond signed by the defendant Sparfeld with John G. Schulz as surety. This bond is as follows:

"We, the undersigned, Thedallis Staeckler, Frederick Sparfeld and John G. Schulz, acknowledge ourselves indebted to John M. Devore in the sum of $100, to be void upon this condition: Whereas, Thedallis (*sic*) Staeckler, Frederick (*sic*) Sparfeld and John G. Schulz has (*sic*) appealed from the judgment of William Stroder, a justice of the peace, in an action between John M. Devore, plaintiff, and Thedallis Staeckler and John G. Schulz, defendants; now, if on such appeal the judgment of the justice be affirmed, or if, on the trial anew in the appellate court, judgment be given against the appellant and he shall satisfy such judgment, or if his appeal shall be dismissed, and he shall pay the judgment of the justice, together with the costs of the appeal, this recognizance shall be void.

"C. SPARFELD,
'JOHN G. SCHULZ."

*Seventh.* The justice's transcript, the substance of which has already been set out in the foregoing portion of this statement.

Let us next consider the applicatory statutes on the subject of granting and perfecting appeals from justices of the peace to the circuit court. By section 6328 of the Revised Statutes, it is provided: "No appeal shall be allowed in any case, unless the following requisites be complied with: *First,* the appeal must be made within ten days after the judgment was rendered; but, if a non-resident of the county where the suit shall be instituted, the party shall, in all cases of appeal allowed by this article, have twenty days to make such appeal; *second,* the applicant, or some person for him, together with one or more solvent sureties, to be approved by the justice, must, within the time prescribed in the first clause of this section, enter into a recognizance before the justice of the adverse party, in a sum sufficient to secure the payment of such judgment and the costs of the appeal, conditioned that the appellant will prosecute his appeal with due diligence to a decision; and that if, on such appeal, the judgment of the justice be affirmed, or upon a trial anew in the appellate court judgment be given against him, he will pay such judgment; and that, if his appeal be dismissed, he will pay the judgment of the justice, together with the costs of the appeal."

The next section prescribes the form of the recognizance, which need not be considered, because the above recognizance, if otherwise good, was in sufficient form.

The next section (R. S., sec. 6330) provides as follows: "No appeal shall be allowed, unless the party applying therefor, or some person for him, will make affidavit that the application for an appeal is not made for vexation or delay, but because he believes the appel-

lant is injured by the judgment of the justice, and stating whether such appeal is from the merits, or from an order or judgment taxing costs."

Section 6332 contains this provision: "Upon an appeal being made, according to the foregoing provisions, the justice shall allow the same, and immediately make an entry of such allowance in his docket."

Section 6333 provides as follows: " If the justice fail to allow an appeal in the cause, when the same ought to be allowed, or if by absence, sickness or any other cause, on his part, an appeal cannot be taken in time, the circuit court, or other court having jurisdiction of such appeal, or judge thereof in vacation, on such fact satisfactorily appearing, may, by rule and attachment, compel the justice to allow the same, and to return his proceedings in the suit, together with the papers required to be returned by him." This section is quoted for the mere purpose of stating that the record in this case fails to disclose the state of facts on which it is predicated, namely, that the justice failed to allow an appeal in the cause, when the same ought to have been allowed, or that by reason of absence, sickness, or any other cause on his part, an appeal in the cause could not be taken in time. Nor was any application made for a rule on the justice under this section.

Section 6334 is as follows: "If in any case the justice shall allow an appeal, and certify in his certificate the cause of his failure to allow the same at the proper time, such appeal shall be sustained when it would have been competent for the court to have ordered the same to be allowed, and in all cases when the bond and affidavit required shall have been filed or deposited with the justice in due time, and the justice shall have returned such appeal to the appellate court, the same shall be considered as having been allowed by the justice, although no entry thereof shall appear

in the record." It is perceived that this section contains two provisions: The first relates to the case where the justice allows an appeal bond within the time prescribed by section 6328; that is to say, ten days for residents and twenty days for non-residents of the county, and it makes a rule for the government of the circuit court, relaxing the strict provisions of that section by authorizing the circuit court to sustain the appeal, when it would have been competent for the circuit court, under the preceding section, to compel the justice by rule and attachment to return the proceedings, as on appeal, to the circuit court. It is apparent that this provision has no application to the case under consideration, because it nowhere appears that the justice allowed an appeal at any time. The second part of this section, it is perceived, relates to the case where bond and affidavit for appeal have been deposited with the justice in due time, and the justice had failed by a misprision to make an entry in his transcript showing the granting of an appeal, but has returned the papers to the circuit court as though an appeal had been granted, in which case the statute dispenses with the formality of the entry on the justice's transcript showing a grant of the appeal, and requires the circuit court to treat the case as though the entry had been duly made and the appeal formally granted. This part of the statute has equally no application to the case before us; because, *first*, it nowhere appears that an affidavit for appeal was ever made before the justice of the peace; or, *second*, that a bond for appeal was deposited with him "in due time."

Recurring now to the bond above set out, it nowhere appears that this bond was ever returned to the circuit court by the justice of the peace as and for an appeal bond in the case, except by the recital in the bill of exceptions of its being offered in evidence by the

defendant Sparfeld at the hearing of the motion for new trial. This recital describes it as "an appeal bond, signed by C. Sparfeld and John G. Schulz and filed in the justice's court, as follows;" then setting out the bond as already quoted. But the bond itself nowhere shows that it was ever taken or approved by the justice of the peace, nor does it contain any date whatever, nor is there anything to show how it got into the circuit court, or that the justice of the peace ever returned it to the circuit court as one of the papers in the case; and if it were otherwise effective to help out the right of appeal of the defendant Sparfeld from the justice to the circuit court, it would fail, under the statutory provisions just quoted, for the reason that it does not appear that it was filed within ten days after the date of the judgment of the justice, or that it was filed within twenty days after such date, the defendant Sparfeld being a non-resident of the county.

There is still another statutory provision which has a bearing on the question before us. It is found in section 6340 of the Revised Statutes, and is as follows: "No appeal allowed by a justice shall be dismissed for want of an affidavit or recognizance, or because the affidavit or recognizance made or given is defective or insufficient, if the appellant or some person for him will, before the motion to dismiss is determined, file in the appellate court the affidavit required, or enter into such recognizance as he ought to have entered into before the allowance of the appeal, and pay all costs that shall be incurred by reason of such defect or omission, with respect to such affidavit or recognizance." This section, it is perceived, relates to cases where an appeal has been allowed by the justice, but where no affidavit or recognizance, or no sufficient affidavit or recognizance has been filed, in which case the statute allows the omission or defect to be supplied

in the circuit court upon terms. This section can have no application to the case under consideration, because it nowhere appears that an appeal was ever allowed by the justice in this case.

We find, then, that this record fails to show that any affidavit for appeal was ever filed with the justice; or that any bond for appeal was ever filed with the justice within the time prescribed by the statute; or that any such bond was ever filed at all and returned to the circuit court; or that any appeal was ever allowed by the justice; or that any effort to have an appeal allowed was ever made in the circuit court, under section 6333 of the Revised Statutes; and we must conclude that the record is wholly barren of anything showing that an appeal was taken from the judgment of the justice of the peace to the circuit court under the statutes. It results that the circuit court had no jurisdiction to dispose of this case on its merits, and that we have no such jurisdiction on this appeal, as our jurisdiction is necessarily derivative from the justice through the circuit court. In dealing with an analogous case in *Green v. Castello*, 35 Mo. App. 127, 135, where an appeal had been granted by the probate court to the circuit court, but not in compliance with the statute, the form of our judgment was that the judgment of the circuit court be reversed, and the cause remanded with directions to dismiss the appeal from the probate court. But in this case no appeal was ever granted or attempted to be granted by the justice; and, therefore, our judgment will be, that the judgment of the circuit court be reserved, and the cause remanded with "directions to strike the cause from its docket for want of jurisdiction." All the judges concur.