MOULDER & SIMPSON, Respondents, v. GEORGE W. ANDERSON, Appellant.

Kansas City Court of Appeals, June 3, 1895.

1. **Justices' Courts:** APPEAL: JURISDICTION. In this case the circuit court never acquired jurisdiction of the appeal, because no appeal was ever allowed, no recognizance was ever filed. *Welsh v. Railroad*, 55 Mo. App. 604, *distinguished*.

2. ——: ——: ——. There is a distinction between cases of an irregular appeal and those in which there is no appeal at all. And, in the latter class of cases, no jurisdiction is acquired, even though the parties appear.

3. ——: ——: TRANSCRIPT: RECORD. An amended transcript of a justice can not be filed in the circuit court without an order of that court, and, if filed in the appellate court, it becomes no part of the record and can not be noticed.

*Appeal from the Camden Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED (*with directions*).

*Nixon & Agee* for appellant.

(1) The circuit court of Camden county never had any jurisdiction of this case, because no appeal was ever taken from judgment of justice in favor of defendant Anderson. The transcript shows that no affidavit was filed, hence the justice was not required to grant an appeal. The transcript does not show that any recognizance was ever filed, hence the justice was not required to grant an appeal. The transcript of justice of peace shows that as a matter of fact he did not allow or grant an appeal and should not have granted it. Hence in this cause there was "no failure by justice to allow an appeal when one ought to have been allowed." R. S., sec. 6333. In this cause there was no recognizance and affidavit filed, as required by law, before the justice of the peace, and hence there was no appeal by operation of law. R. S., sec. 6334. This was not a cause where, the justice having allowed an appeal, the affidavit and recognizance could be supplied in the circuit court. R. S., sec. 6340; *Whitehead v. Cole*, 49 Mo. App. 428; *Welsh v. Railroad*, 55 Mo. App. 604; *Kelm v. Hundler*, 49 Mo. App. 665; *Robinson v. Walker*, 45 Mo. 117; *Moore v. Minkler*, 3 Mo. App. 596; *Barnes v. Cabanna*, 11 Mo. App. 114; *McQuaid v. Lemp*, 9 Mo. App. 153; *Ewing v. Donnelly*, 20 Mo. App. 6.

*Moore & Chalfant* for respondents.

The justice granted the appeal and the appellant, Anderson, went to trial and made no objections. If the transcript was as he claims. (which respondents deny), he can not make his objection at this late day. This is almost a parallel case with that of *Welsh v. Railroad*, 55 Mo. App. 604, overruling *Whitehead v.*

*Cole*, 49 Mo. 428; see secs. 6337, 6340, R. S. 1889.   The record shows that there was a bond filed with the papers of the justice of the peace in the circuit clerk's office of Camden county.   Said bond was filed before the justice of the peace, as will appear from the record herein.   The same rule applies in the filing of appeal bonds as in filing of affidavits before justices of the peace.   *Welsh v. Railroad, supra;* R. S., sec. 6340.   If the bond was not what the statute requires, the appellant should have made his objection before coming to this court.

SMITH, P. J.—This is an action which was brought before a justice of the peace to recover "$100, for money had and received, loaned or paid defendant."   There was a trial anew in the circuit court, where plaintiffs had judgment and defendants appealed.

The principal question arising on the record before us is that of jurisdiction.   The defendant's insistence is that the circuit court did not have jurisdiction of the cause, for the reason that no appeal was taken from the judgment of the justice.   This imposes upon us the duty of examining the transcript of the record of the justice.   As it is short, we can not do better than to bodily transcribe it here:

"Before Thomas Foster, justice of the peace.

"Moulder & Simpson, Plaintiffs, ⎫
       *vs.*                                  ⎬
"G. W. Anderson, Defendant.   ⎭

"Nature of the proceeding, action on account. Amount claimed, $100.

"April 24, 1893, plaintiffs, by their attorney, filed an account against G. W. Anderson, in which they claim $100.   On the twenty-fourth day of April, 1893, issued a writ of summons against the defendant, returnable on the sixth day of May, 1893, at 10 o'clock A. M.,

and delivered the same to A. N. Page, constable of Osage township, in said county and state.

"On the twenty-fifth day of April, 1893, the said writ having been returned duly served on the defendant as follows: By reading the same in the presence and hearing of G. W. Anderson.

"And this cause coming on for trial before a jury, viz.: ——— ———. And, after the jury hearing the evidence, the case was submitted without argument and the jury returned the following verdict: 'We, the jury, decide in favor of the defendant.

" '(Signed) W. T. BENDER, Foreman.'
"THOMAS FOSTER, J. P.

"Comes now W. P. Simpson, one of the above named plaintiffs, and states to the court that he is aggrieved by the verdict of the jury herein, and asks that an appeal be granted to the circuit court. This affiant states that this application for an appeal is not made for vexation or delay, but because this affiant believes the appellants are injured by the judgment of the justice. Subscribed and sworn to before me, this sixth day of May, 1893.

"THOMAS FOSTER, J. P.

"I hereby certify that the above and foregoing is a true copy of the proceedings in the above cause, as appears of record on my docket.

"THOMAS FOSTER, J. P."

Section 6340, Revised Statutes, provides that no appeal *allowed* by a justice shall be dismissed for want of an affidavit or recognizance, or because of a defect or insufficiency in one or both. This section can have no application to this case, because it appears *no appeal was ever allowed* by the justice.

It is further provided by section 6334, that in all cases where the affidavit and bond required by section 6328 have been filed or deposited with the justice, in

due time, and the justice shall have returned such
appeal to the appellate court, the same shall be con-
sidered as having been allowed by the justice, although
no entry thereof shall appear in his record. This sec-
tion is likewise inapplicable, because, while it appears
that the plaintiffs made an affidavit before the justice,
it does not appear that the plaintiffs entered into a re-
cognizance which was filed or deposited with the justice,
or that the latter was returned to the circuit court.

This case, in its main features, is the analogue of
that of *Devore v. Staeckler*, 49 Mo. App. 547, in which
it was said: "We find, then, that this record fails to
show that any affidavit for appeal was ever filed with
the justice; or that any bond for appeal was ever filed
with the justice, within the time prescribed by the stat-
ute; or that any such bond was ever filed at all and
returned to the circuit court; or that any appeal was
ever allowed by the justice; or that any effort to have
an appeal allowed was ever made in the circuit court,
under section 6333 of the Revised Statutes; and we
must conclude that the record is wholly barren of any-
thing showing that an appeal was taken from the judg-
ment of the justice of the peace to the circuit court,
under the statutes. It results that the circuit court had
no jurisdiction to dispose of this case on the merits and
that we have no such jurisdiction on this appeal, as
our jurisdiction is necessarily derivative from the justice
through the circuit court."

But the plaintiffs contend, on authority of *Welsh
v. Railroad*, 55 Mo. App. 604, that, since the record
discloses that the defendant appeared and went to trial,
his objection to the jurisdiction now comes too late.
The plaintiffs are not quite accurate in their assump-
tion, for it does appear that at the very inception of
the trial, the defendant objected to the introduction of

any evidence in support of the plaintiff's demand, on this very ground.

But whether this be so or not, the present case is not at all similar to that just referred to, for there the defendant had filed in due time the statutable affidavit and bond with the justice, and the latter had allowed the appeal. The point of objection was that the affidavit was defective in a particular required by the statute. There it was held that, since the justice allowed the appeal, the circuit court was possessed of the cause, even though the affidavit was defective, or there was no affidavit at all. It was ruled that, in such case, jurisdiction was conferred by section 6337. There is a vast difference between cases where the appeal is irregularly or defectively taken and those in which it is not taken at all. In the former class of cases, the circuit court has jurisdiction, and in the latter it has not. The following cases are illustrative of the distinction: *Long Bros. v. Coal Co.*, 56 Mo. App. 606; *Pearson v. Gillett*, 56 Mo. App. 312; *Welsh v. Railroad, supra.*

Unless the appeal had the effect to remove the cause to the circuit court, that court acquired no jurisdiction to try the same anew, even though the parties appeared and participated in the trial had. The judgment of the justice would be final and conclusive.

The plaintiffs make the further contention that the justice amended the transcript of his record, showing the timely filing of the affidavit and the allowance of the appeal. No such amended transcript is found in the record. It is true that, during the present April term, the plaintiffs have filed with the clerk an amended transcript of the justice, which, it is stated by plaintiffs, shows that the appeal was properly taken; but this could not have been even filed in the circuit court without an order of that court. *Thomas v. Moore,*

46 Mo. App. 22; *Smith v. Chapman*, 71 Mo. 217; *Norton v. Porter*, 63 Mo. 345. But it was not filed there and is no part of the record in the case before us, and hence can not be noticed. In the view we have taken of the case, it becomes unnecessary to notice the other points discussed in the briefs of counsel.

The judgment must be reversed and the cause remanded, with directions to the circuit court to strike the same from its docket. All concur.