J. H. ROTHMAN DISTILLING COMPANY, Respondent, v. E. C. KERMIS et al., Defendants; HARRY H. WESTBAY, Appellant.

### St. Louis Court of Appeals, February 21, 1899.

Appeal Bond from Justice of the Peace: SURETY. In the case at bar, the bond taken and approved by the justice was not the statutory one required to be given by applicants for appeals from justice's courts. The undertaking of the surety, by the very terms of the bond, is limited to such judgment as the Barry circuit court might render in the cause. Held, that the judgment of the Newton circuit court, as to the surety is erroneous.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED as to defendant and appellant Westbay.

JOSEPH WHELESS for respondent.

There are no errors pointed out by motion for new trial, and no bill of exceptions; there were no such objections made in the trial court; and it is incompetent to raise them for the first time in this court. "No errors will be reviewed on appeal unless the attention of the trial court is called to such errors by a motion for a new trial." Railroad v. Carlisle, 94 Mo. 166; Hofheimer v. Lasen, 24 Mo. App. 652. The defenses were not made below, hence can not be urged here. "In order to perfect an appeal from a justice court, it is sufficient that appellant and his sureties sign the bond and lodge it with the justice within the statutory time." Crist v. Smith,

66· Mo. App. 398.   The presumption, nothing to the contrary appearing, is that the facts warranting the judgment rendered were before the court.   In re Webster, 36 Mo. 355. "It is the well settled law in this state that a statutory bond must be in substantial conformity with the statute, although it need not be in literal compliance with it.   Hoshaw v. Gullett, 5 Mo. 208; Newton v. Cox, 76 Mo. 352.   If such a bond contain more than the requirements of the statute, but contains all the statutory requirements, it is to the extent of such requirements a statutory bond."   Hastings v. Hennessey, 58 Mo. App. 205.   "A bond is not invalid as a statutory bond merely because it does not follow the exact words of the statute."   Newton v. Cox, 76 Mo. 352.

A. V. DARROCH for appellant.

The errors assigned are:   First, that said appeal bond is absolutely void, having been approved eleven days after judgment rendered.   Second, that said circuit court of Newton county had no jurisdiction whatever to render said judgment against this appellant, H. H. Westbay.   Third, that said bond does not mention the respondent herein as obligee.   This appeal bond does not comply with nor conform to sections 6328 and 6329, Revised Statutes 1889, and there is such a lack of requirement that it could not be considered at best any more than a common law bond.   This bond recites that "E. C. Kermis has appealed from the judgment of Walt Williams, J. P., to the circuit court of Barry county; now if on such appeal or on trial anew in the said court judgment be given against the appellant and he shall satisfy such judgment, etc."   This would only authorize the circuit court of Barry county to render judgment against this appellant. The statute provides that the bond shall read among other provisions, as follows:   "Or if on trial anew in the appellate court judgment be given against him (the appellant) and he

shall pay the same, etc." There was a trial anew in the circuit court of Newton county and as this bond only provided "that if on trial anew in said court" meaning the said circuit court of Barry county this appellant was surely released. Am. Brew. Co. v. Talbot, 125 Mo. 389; Overbeck v. Mayer, 59 Mo. App. 290; Nofsinger v. Hartnett, 84 Mo. 549.

BLAND, P. J.—Plaintiff on March 4, 1897, recovered a judgment against the defendants, other than Westbay, before a justice of the peace, from which they appealed to the Barry circuit court. The appeal bond was indorsed approved by the justice March 15, 1897. The bond is in the following form: "We, E. C. Kermis as principal, and * * * as surety acknowledge ourselves to owe and stand indebted to Rothman Distilling Company in the sum of one hundred and eighty-five dollars, to be void upon this condition:

"Whereas, E. C. Kermis has appealed from the judgment of Walt Williams, J. P., in an action between Rothman Distilling Company, plaintiff, and E. C. Kermis, defendant, to the circuit court of Barry county; now if in such appeal the judgment of the justice is affirmed by said court or if on trial anew in the said court judgment be given against the appellant and he shall satisfy such judgment or if his appeal shall be dismissed by said court and he shall pay the judgment of the justice, together with the costs of the appeal, this recognition shall be void.

"E. C. Kermis, (Seal.)
"Harry H. Westbay. (Seal.)"

On application of defendants the venue of the cause was changed from the Barry to the Newton circuit court, where, on trial *de novo*, the plaintiff recovered judgment, from which after unsuccessful motions for rehearing and in arrest of judgment defendant Westbay procured an order from a judge of this court in vacation allowing him an appeal under

VOL. 79 app—8

the provisions of section 2250, Revised Statutes 1889. (The judgment in the Newton circuit court was against both principals and surety on the appeal bond.)

I.    Appellant's first contention is that the Newton circuit court had no jurisdiction to render any judgment in the cause, because the appeal bond was filed and approved out of time by the justice.    The justice made no filing marks on the bond, but his docket entries show that the bond was deposited with him on the day after the judgment was rendered, and that on March 15 the attorneys of the plaintiff appeared before him and moved him to disapprove the bond, whereupon he heard evidence, overruled the motion, and approved the bond, and indorsed his approval thereon.    The statute, section 6328, Revised Statutes 1889, provides that the appeal recognizance shall be taken before the justice and approved by him, before an appeal shall be allowed, which must be within ten days if the applicant is a resident of the county where the trial is had, and within twenty days if a non-resident. The record does not disclose whether the applicant was or was not a resident of Barry county, where the trial was had, but we do not deem this material in the view we take of the case.    The justice granted the appeal, and so far as the question of the jurisdiction of the circuit court to try the case *de novo* is involved, it is immaterial whether any appeal bond was given, or whether given out of time; the affidavit for an appeal and the granting of the appeal by the justice conferred jurisdiction on the appellate court, by reason of the provisions of section 6340, Revised Statutes of 1889, which provides, among other things, that such an appeal shall not be dismissed for want of a bond or a sufficient bond, if a good and sufficient bond be given before the determination of a motion to dismiss, and it does not lie in the mouth of the appellant to say the court erred for failing to require him to do that which he should have done if his appeal bond was insufficient; nor can he on an appeal take advantage of his own

default or negligence, after having submitted himself to the jurisdiction of the court, in a matter over which the court acquired jurisdiction by virtue of his affidavit and the order of the justice granting the appeal. But the applicant was in no wise remiss in the performance of the statutory requirements to perfect his appeal; his bond was deposited with the justice in ample time, and the fact that the justice failed to perform his duty to approve the bond within the statutory limit, was not the fault of the applicant, and RIGHT of appeal. could not deprive him of his stautory right of appeal or invalidate his appeal bond. R. S. 1889, sec. 6334; Jester v. McKinney, 47 Mo. App. 62.

II. Another contention of appellant is that the Newton county circuit court had no jurisdiction to render judgment against him as surety on the appeal bond; that his undertaking was confined to such judgment only as the Barry county circuit court might render. The bond taken and approved by the justice was not the statutory one required to be given by applicants for appeals from justices' courts; the undertaking of the surety by the very terms of the bond is limited to such judgment as the Barry circuit court might render in the cause, and it is well settled law that the surety can not be held beyond the precise terms of his obligation. Blair v. Ins. Co., 10 Mo. 560; Bauer v. Cabanne, 105 Mo. 110; Erath v. Allen, 55 Mo. App. 107; Bricker v. Stone, 47 Mo. App. 520. In Cranor v. Reardon, 39 Mo. App. 306, it was held by the Kansas City Court of Appeals that a bond to perform each judgment as should be given by the supreme court is not an obligation to perform the judgment of the Kansas City Court of Appeals, although the case in which the bond was given, was under the constitution, appealable to the Kansas City Court of Appeals. Judge Ellison, who wrote the opinion, in the discussion says: "In this case the sureties have seen fit to limit their obligation, not to the result of the case generally, nor to the determination of an appellate court

generally, but to a certain named court." In Nofsinger v. Hartnett, 84 Mo. 549, the appeal bond was to abide the judgment of the St. Louis Court of Appeals, to which court the cause was appealed; from this court it was appealed to the supreme court, where the judgment was rendered. In a suit on the appeal bond it was held that the sureties were not liable, because the court which rendered the judgment was not named in the bond. So in this case the court which rendered the judgment against Westbay, the surety, is not named in the bond, and the judgment as to him is erroneous, for which reason it is as to defendant and appellant H. H. Westbay reversed. All concur.