ED CLAPPER, Respondent, v. HARLEY
BRADSHAW, Appellant.

**Kansas City Court of Appeals, April 29, 1912.**

JUSTICE COURTS: Appeals. The circuit court acquires no juris-
diction of a cause on appeal from a justice court unless a
bond and affidavit were made and filed with the justice within
the time provided for the taking of such appeal, or unless an
order of the justice granting an appeal was made within such
time.

Appeal from Putnam Circuit Court.—*Hon. G. W.
Wanamaker,* Judge.

AFFIRMED.

*James A. Magee* and *N. A. Franklin* for appel-
lant.

*R. L. Robinson* for respondent.

BROADDUS, P. J.—This is a suit on account for
the sum of fifteen dollars and fifty cents commenced
before W. O. Underwood, justice of the peace. A
change of venue was had to H. R. Van Voast, another
justice of the county. On the 12th day of August,
1910, a trial was had and plaintiff obtained a verdict
for the full amount of his account, upon which the
justice rendered judgment with costs. On the 20th day
of August defendant filed an affidavit in the usual form
for an appeal to the circuit court of the county. On
the 16th day of September the justice granted the ap-
peal as prayed, and on the 3d day of October filed his
transcript of the cause with the clerk of the circuit
court, accompanied with the papers in the case.

At the November term of the circuit court plain-
tiff filed his motion to dismiss the appeal which was

taken up by the court during the term, evidence heard, and taken under advisement until the April term of the court when it was sustained. From the action of the court in sustaining said motion defendant appealed to this court. The grounds set forth in the motion to dismiss were, first: "That this court acquired no jurisdiction because defendant failed and refused to file a proper appeal bond as required by Revised Statutes of Missouri 1909, section 7568, with the justice of the peace before whom this cause was tried, and that no sufficient bond has ever been filed in said cause and approved by the justice." Second: "That this court acquired no jurisdiction of this cause because the appeal was not granted within ten days from the date of the judgment against defendant as required by section 7568, Revised Statutes of Missouri 1909," etc. Before the motion to dismiss was submitted to the court a bond for appeal with evidence as to the solvency of the parties to the bond was tendered, which bond and evidence the court rejected.

Section 7580, Revised Statutes 1909, provides that no appeal from the judgment of a justice shall be dismissed for want of an affidavit or recognizance, or because the affidavit or recognizance is defective or insufficient, if a proper affidavit or recognizance is made before the motion to dismiss the appeal is determined. This section of the statute has been construed by the appellate courts of the state in many cases, among which are the following: Distilling Co. v. Kermis, 79 Mo. App. 111; Drake v. Gorrell, 127 Mo. App. 636; Gester v. McKinney, 47 Mo. App. 62; Devore v. Staeckler, 49 Mo. App. 547; Welsh v. Railroad, 55 Mo. App. 599; Moulder v. Anderson, 63 Mo. App. 34, and many other cases.

In Distilling Co. v. Kermis, supra, the bond for appeal was filed with the justice on the day after the judgment was rendered, but was not approved by him until after the expiration of ten days. The court held that

the failure of the justice to approve the bond could not deprive appellant of his statutory right of appeal.

In Jester v. McKinney, supra, the affidavit and bond for appeal were filed with the justice within the time allowed by the statute, but the justice entered the order allowing the appeal after the expiration of such time. The sufficiency of the appeal was sustained.

In Drake v. Gorrell, supra, the garnishee filed an affidavit and bond for appeal which the court held was sufficient to give the circuit court jurisdiction.

In Devore v. Staeckler, supra, the justice's docket failed to show that any affidavit or bond for appeal was filed, or that any appeal was allowed. Held, that the circuit court did not acquire jurisdiction.

In Welsh v. Railroad, supra, the affidavit for appeal was defective. Held, that although the affidavit was defective the filing of the justice's papers with the clerk was sufficient to confer jurisdiction. In Moulder v. Anderson, supra, it is held, that the circuit court never acquired jurisdiction, because no appeal was ever allowed, and no recognizance filed.

Section 7568 provides that no appeal shall be allowed unless certain requisites are complied with, viz.: The appeal shall be taken within ten days after the judgment is rendered, but if the party is a non-resident, the appeal may be taken in twenty days after judgment; second, the applicant must, within the time prescribed, give his recognizance with security sufficient to secure the payment of the judgment and costs of the appeal, etc. Section 7570 provides that no appeal shall be allowed unless the party applying therefor shall make affidavit containing certain statements.

The obvious purpose of section 7580 was to prevent the miscarriage of justice by reason of the liability of the parties litigant and the justices of the peace to fail to follow the strict provisions of said sections 7568 and 7570 providing for the manner of taking

appeals. And, if we construe section 7580 according to its letter, notwithstanding the provisions of sections 7568 and 7570 providing for the giving of a recognizance and the making of an affidavit before an appeal can be allowed, still, if such affidavit and bond are tendered before the cause is dismissed in the circuit court, such court acquires jurisdiction of the case by appeal. But, in our opinion, the statute does not by its terms nor can it by the most liberal construction, be construed as conferring jurisdiction on the circuit court, unless a bond and affidavit have been made and filed with the justice within the time provided for the taking of such appeal, or that an order of the justice granting such appeal has been made within such time. Notwithstanding its extreme liberality, there is nothing in the section which, by any rule of construction, can be made to mean that a mere order granting an appeal made after the time provided for the taking of such appeal would have the effect of conferring jurisdiction on the circuit court. Had the justice, when the affidavit in the case was filed with him, granted an appeal, that would have been sufficient under the statute to confer jurisdiction of the appeal, because it was granted within the time allowed by the statute, although no recognizance had been filed.

It seems to us that it is essential that such appeals should be granted within the statutory period of ten days, and the statutory bond and affidavit filed within such time; or otherwise, it could not be known that a case was finally settled if a justice can grant an appeal within an indefinite time after the rendition of the judgment. In this case the justice could not have been compelled to grant an appeal because the statute was not followed by the filing of a recognizance and an affidavit, yet, if he had the power to grant the appeal at any time after the expiration of ten days from the date of the judgment, he could have postponed action and granted the appeal within one year there-

after. Such a construction of the statute might lead to the most abused consequences. The judgment of the court dismissing the appeal is sustained. All concur.