C. H. RANCK, Respondent, v. PEARL D. MERRILL, Appellant.

**Kansas City Court of Appeals, June 16, 1913.**

**JUSTICE COURTS: Appeals.** Where the necessary steps required to be taken by the appealing party in a justice court were not taken, and no order allowing an appeal was made by the justice, within the ten days specified by the statute, there was no appeal. And the act of the justice in thereafter sending the papers and transcript in the case to the circuit clerk's office and filing them therein, does not perfect an appeal nor give the circuit court jurisdiction.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

AFFIRMED.

*Sebree, Conrad & Wendorff* for appellant.

(1) Error was committed when defendant's appeal from justice court was dismissed. Was the appeal from justice court allowed? The court committed error in holding that it was not. Sec. 7912, R. S. 1909; sec. 7579, R. S. 1909; Drake v. Gorrell, 127 Mo. App. 636; Bader v. Jones, 119 Mo. App. 685; Lewellyn v. Lewellyn, 87 Mo. App. 9. (2) Amended affidavit and recognizance should have been received and the court committed error in not receiving them.

Secs. 7912, 7568, 7569, 7570, 7580, 7720, 7721, R. S. 1909; Kellog v. Linger, 60 Mo. App. 571; Anslem v. Groby, 16 Mo. App. 421; Brewing Co. v. Talbott, 135 Mo. 170; Secs. 7581, 7579, 7582, 7583, 7584, R. S. 1909.

*Evans, Williamson & Estill* for respondent.

(1)    The attempt to take an appeal from the judgment of the justice in this case was a nullity and conferred no jurisdiction on the circuit court, and, hence, this court has no jurisdiction.    R. S. 1909, secs. 7568, 7570, 7572, 7573, 7574, 7580; Clapper v. Bradshaw, 163 Mo. App. 587; R. S. 1889, sec. 6340; Moulder & Simpson v. Anderson, 63 Mo. App. 37; Barhydt Co. v. Alexander & Co., 59 Mo. App. 188. (2)    The amended affidavit and recognizance were properly rejected by the circuit court.    State ex rel. v. Allen, 45 Mo. App. 565; R. S. 1909, sec. 7912; Morriss v. Horrell, 35 Mo. 467; Kellogg v. Linger, 60 Mo. App. 571; R. S. 1909, 7580; Clapper v. Bradshaw, 163 Mo. App. 590.

TRIMBLE, J.—This suit was brought in a justice court under the Landlord and Tenant Act, for the possession of certain hotel property in Kansas City, Missouri.    The justice rendered judgment for plaintiff on February 21, 1912.

On February 26, 1912, defendant filed a bond for appeal conditioned as required in ordinary cases, but not as required by section 7912, Revised Statute 1909, of the Landlord and Tenant Act.    There was no affidavit filed.    A blank form of affidavit accompanied the bond, but as no oath was taken or administered by any one, this blank form was not an affidavit under the definition given in Barhydt v. Alexander, 59 Mo. App. 188, or the one given either by the court, or by SHERWOOD, J., in his dissenting opinion, in Hargadine v. Van Horn, 72 Mo. 371.

Neither was there any order made by the justice allowing the appeal, the last entry by the justice in his docket, and the only entry in reference to appeal, being as follows: "February 26, 1912, defendant files bond in appeal."

On March 20, 1912, after the ten days allowed by the statute for perfecting the appeal had expired, the papers in the case and a transcript of the justice's record, *still showing no order allowing an appeal*, was filed in the office of the clerk of the circuit court of Jackson county, Missouri, and the cause was docketed in said court as having been appealed from the justice court.

On April 3, 1912, respondent filed a motion to dismiss on the ground, among others, that no appeal had been taken or allowed, and the circuit court, therefore, had no jurisdiction. Before this motion was passed on, the defendant filed an application for leave to amend the transcript. Plaintiff objected to any amendment of the transcript not based upon anything shown in the justice's record. The trial court proceeded to hear evidence on the application for leave to amend. The justice was sworn and took the stand and his docket was introduced in evidence. There was nothing in it to show any affidavit filed, nor order allowing appeal, nor any application for appeal on the part of defendant in any way except the entry, noted above, to-wit: "February 26, 1912, defendant files bond in appeal." The justice testified that the docket showed all the proceedings that were had in the case; that there was no other record showing anything in relation to an appeal except the approval of the bond indorsed by him on the back thereof. He testified that this bond was handed to him, not in his justice's office, but at a place outside of his justice district; that it was handed to him by defendant, and he approved it but handed it back to her with directions to take it to her attorneys and have them

mail it back to the justice together with an affidavit for appeal sworn to before a notary public; that he did not swear the defendant, nor was any request made of him to do so. When asked if he could say *outside of his record* that an appeal had been allowed by him, he said, "I can say I think I did; but, that is a question for the court." This answer was objected to by plaintiff and a motion was made to strike it out. The court did not formally sustain the motion but by his remarks indicated that this testimony could not be received. The case was then laid over until the next day, when it was again taken up. In the meantime the justice amended his record by inserting, in place of the entry of February 26, 1912, above quoted, the following: "February 26, 1912. Defendant files affidavit and bond for appeal and said bond is approved and appeal allowed to the circuit court of Jackson county, Missouri, at Kansas City." It was admitted that the justice made this amendment the day before, to-wit, on April 5, 1912. The amendment was objected to and the court ruled that before it could pass on the objection it must ascertain whether there was any record upon which the justice based his *nunc pro tunc* entry or amendment. It was thereupon admitted by defendant that the amendment was made by the justice, not upon any record had by him, but upon the facts as he remembered them. Thereupon the court sustained the objection and excluded the amendment, and thus overruled the motion to amend the transcript. Thereupon the defendant offered to file, and presented to the court for filing, an affidavit for appeal and also an appeal bond conditioned as required by the Landlord and Tenant Act. The objections to these were sustained. And thereupon the motion to dismiss the alleged appeal was submitted and sustained. Defendant then filed a motion to set aside the order dismissing the case which was also

overruled.    From the court's action on this motion
the defendant appealed.

Appellant has raised a number of questions for
consideration, among them, the contention that ap-
peals under the Landlord and Tenant Act are governed
by the statutes covering appeals in other civil cases
(Sec. 7912, R. S. Mo. 1909); that, in appeals in those
cases, the statute forbids a dismissal of the case from
the circuit court for want of an affidavit or bond, or
for insufficiency or defects therein, (Sec. 7580); that
the mere sending of the papers to the circuit clerk's
office and filing them there, is of itself alone, an allow-
ance of the appeal by the justice, sufficient to give
the circuit court jurisdiction (Sec. 7579).    But the
difficulty in allowing defendant any benefit from these
friendly and curative statutes, is that it nowhere
appears that, within the time allowed by the statute,
defendant either applied for an appeal or that one was
allowed her by the justice.    The appeal must be made
within ten days.    [Sec. 7568, R. S. Mo. 1909.]    A
bond must be executed (*Ibid*) and affidavit must be
filed (Sec. 7570) and "upon an appeal being made
according to the foregoing provisions, the justice
shall allow the same, and immediately make an entry
of such allowance in his docket."    [Sec. 7572.]

Section 7580 by its very terms is dealing with
appeals "allowed by a justice."    Now the justice
cannot allow an appeal after the ten days have ex-
pired.    Of course, if he fails or refuses to allow an ap-
peal he can be compelled to do so.    [Sec. 7573.]    But
this is only in cases where "the appeal ought to be
allowed," that is, where the party desiring the appeal
has taken the steps required by the statute within
the time specified.    If these steps were not taken
in time, relief will not be granted.    Kelm v. Hunkler,
49 Mo. App. 664.]    This case also holds that to up-
hold the jurisdiction of the circuit court, in cases
appealed to it from justices of the peace," it is nec-

essary in every case that it should appear *somewhere
by the record that an appeal was granted* in compliance
with law. (Italics ours.) The justice has no power
to grant an appeal after the expiration of the ten days,
and where he does so it should be dismissed. [Union
Savings Assn. v. Keisker, 8 Mo. App. 232.] If, how-
ever, in a case where no steps are taken to perfect
an appeal, the justice can, after the expiration of the
ten days, grant an appeal or perfect one for the appeal-
ing party by merely filing the transcript and papers
in the case with the circuit clerk, then this will enable
him to perfect an appeal at any time after judgment,
and the statute limiting the right to take an appeal
to ten days will be entirely abrogated. The facts in
this case bring it squarely within the case of Clapper
v. Bradshaw, 163 Mo. App. 587, where it is held that
no jurisdiction of an appeal from a justice court is
acquired by the circuit court where there were neither
steps taken to perfect an appeal, nor an order of the
justice allowing an appeal, within the time required
by the statute. Any other holding would result in
giving the justice the power to "grant an appeal within
an indefinite time after the rendition of the judgment."
The justice's transcript in the case at bar up to the
time of its attempted amendment by the justice on
April 5, 1912, showed exactly what had been done in
the case, namely, that an appeal bond had been filed
and nothing more, no affidavit for appeal filed and no
appeal allowed. It will be noticed that this is not a
case where the justice ought to have allowed an ap-
peal and for some reason failed to allow it within the
proper time. Section 7574, Revised Statute 1909,
does not apply, because the justice did not in his
certificate certify this fact or the cause of such failure.
Neither does this statute cure the absence of an order
allowing the appeal in the justice's docket, since
the cure provided by the statute is on condition that

"the bond and affidavit required shall have been filed or deposited with the justice in due time." Where such facts do not appear this section has no application. [Moulder v. Anderson, 63 Mo. App. 34.]

The action of the trial court in dismissing the alleged appeal is affirmed. All concur.