### SLATER vs. STEAMBOAT CONVOY.

1. An appeal from the judgment of a Justice of the Peace, is not taken until a recognizance is entered into and approved by the Justice, although it may be entered on the docket of the Justice that an appeal was applied for, and allowed on the day of trial.

2. Where an appeal is taken after the day of trial, and no notice given to the appellee, the cause will not be for trial at the first term of the circuit court, unless the appellee enter his appearance on the first day of the term.

## ERROR to St. Louis Court of Common Pleas.

PRIMM & TAYLOR, *for Plaintiff, insist:*

1. The plaintiff in error has adopted the proper remedy, if the court below erred in its judgment in granting a new trial, by abandoning his case. Davis vs. Davis, 8 Mo. R., 56.

2. That the court below did err is apparent from the record, for the appeal appears to have been taken on the same day the trial and judgment was had before the Justice. Rev. Code 1845, p. 670, §. 21; Rev. Code 1845, p. 316, §. 9.

3. There is nothing in the record showing *that any amendment of the transcript was ordered by the court below,* or prayed for by the defendant, nor is there *anything connecting the supposed amendment by the Justice with this case,* as he only certifies that in a case carried to the Common Pleas, &c., and not that in this case the facts exist.

4. That the transcript being filed in the clerk's office on the 20th day of August, and the court below meeting and commencing its term on the third Monday of September, taken in connexion with the testimony of the attorney in the case, shews that as his name was placed on the docket, it must have so been placed there before or on the first day of the term, and if so this is an appearance, and the case was properly tried.

5. That although the appellant should fail to give notice to the appellee of said appeal, yet it is optional with the appellee to try or continue the case as the statute is discretionary. Rev. Code '45, 679; § 20 and 22.

WRIGHT & SHREVE, *for Defendant,*

MCBRIDE, J., *delivered the opinion of the Court.*

Slater instituted an action before a Justice of the Peace against the steamboat Convoy, for work and labor done in and upon the building of said boat, where he obtained judgment, from which the defendant appealed to the court of Common Pleas, where judgment was again rendered in his favor; which being subsequently set aside, on motion of the defendant, the plaintiff excepted, took a non-suit, moved to set the same

aside, which being overruled, he excepted and sued out a writ of error.

The three bills of exceptions taken in the case show, that the judgment was rendered by the Justice of the Peace on the 6th May, 1845, and that on the same day the defendant prayed an appeal, and the Justice granted the same, but that the appeal was not consummated, by the execution of a bond, until the 8th May. That at the first term of the court of Common Pleas thereafter, the court tried the cause and rendered judgment against the defendant; that within four days after such judgment, the defendant moved the court set aside said judgment, assigning among other, the following reasons, to wit: "Because said cause was irregularly and illegally brought to trial at this term of the court—because the said plaintiff did not enter his appearance to the case on the first day of this term."

The plaintiff contends, that the appeal having been taken on the day of trial before the Justice of the Peace, that no notice was necessary, and that the case stood regularly for trial at the first term of the court of Common Pleas thereafter, without his entering his appearance to the action, on the first day of said term. The statute is different.

Notwithstanding a party may pray an appeal, from a judgment rendered against him, before a Justice of the Peace, on the day of the rendition thereof, and the Justice may enter that fact on his docket, ånd enter moreover on his docket, that the appeal is granted, yet according to the provision of the statute, there is no appeal until a recognizance has been entered into and received the approval of the Justice. The appeal then in this case was taken on the 8th day of May, two days after the trial before the Justice. What then was the duty of the appellant? The statute provides that when the appeal is not taken on the day of trial, the appellant shall ten days before the next term of the court to which the appeal is returnable, serve the adverse party with a notice of such appeal. But, to prevent the party appealing, from using his appeal for the purpose of delay, it is further provided that if the appellant shall fail to give the notice required, that the appellee may come into court and enter his appearance, and that, if he does so on the first day of the term, the cause will stand for trial at such term as though the notice had been duly given.

In this case no notice was given by the appellant of his having taken an appeal, nor did the appellee enter his appearance whereby notice might have been dispensed with, but in the absence of both requisitions, the court rendered judgment against defendant.

The judgment was clearly irregular, and the court of Common Pleas did right in setting the same aside, when its attention was called to the irregularity, and in doing so imposed no legal constraint on the plaintiff to take a non-suit.

Judgment affirmed.