## PEARSON v. CARSON, *Appellant.*

Justice's Courts: APPEAL PREVENTED BY JUSTICE'S ABSENCE: APPELLANT'S REMEDY. When a party takes the proper steps to secure an appeal from a justice of the peace in time, but fails on account of the absence of the justice, his remedy is to obtain a rule upon the justice from the court which would have jurisdiction of the appeal, requiring him to allow it. Wag. Stat. p. 849, § 10. An appeal allowed after the time has expired, without such rule, is irregular and is properly dismissed on motion in the upper court.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER, Judge.

*Kennan & McIntyre and Forrist* for appellant.

*Edwards, Macfarlane & Trimble* for respondents.

HOUGH, J.—This suit was originally begun before a justice of the peace. Judgment by default was rendered by the justice against the defendant on the 29th day of April, 1876, and on the 11th day of May, 1876, affidavit and bond for appeal were filed before the justice and an appeal was allowed by him to the circuit court of Audrain county. The circuit court dismissed the appeal for the reason that it was improperly allowed by the justice. On the hearing of the motion to dismiss, the defendant presented to the court the following affidavit: "J. W. Carson, the defendant in the above entitled cause, comes and

on his oath, says, that within ten days after rendition of judgment in the above entitled cause, and on the tenth day, he went in person to the office of said justice of the peace, A. W. Tapscott, at Martinsburg, Audrain county, for the purpose of moving said justice to set aside the judgment by default rendered in said cause, and for the purpose of filing his affidavit and appeal bond, but found said justice absent therefrom; and upon inquiry learned that said justice, A. W. Tapscott, was then out of the county of Audrain and would not return until the time had expired for perfecting appeals; that he found no one in said office of said A. W. Tapscott authorized to transact business for said A. W. Tapscott."

The circuit court did right in dismissing the appeal. Nor appeal can be taken from a judgment by default, unless within ten days after the rendition of such judgment application shall have been made to the justice to set the same aside, and such application shall have been refused. 2 Wag. Stat. 847, § 2. No such application having been made and refused, the justice had no authority to grant the appeal. The affidavit was inadmissible in evidence for the purpose of excusing the failure of the defendant to make his application to the justice to set the default aside. When by reason of the absence or sickness of the justice a party is prevented from taking the necessary steps to obtain an appeal, application should be made to the circuit court, or other court having jurisdiction of such appeal, for a rule upon the justice requiring him to allow the same. 2 Wag. Stat. 849, § 10. In no other way can the justice lawfully grant an appeal after the time has elapsed, within which a party is required to move to set aside a default and no such motion has been made. The judgment of the circuit court dismissing the appeal must therefore be affirmed. The other judges concur.

AFFIRMED.