F. J. KELM, Respondent, v. GEORGE HUNKLER, Appellant.

St. Louis Court of Appeals, May 10, 1892.

1.  Justices' Courts: APPEALS: JURISDICTION OF APPELLATE COURT. The jurisdiction of the circuit court in cases appealed to it from justices of the peace is acquired in a special and statutory manner, and it is necessary in every such case that it should appear somewhere from the record that an appeal was granted in compliance with law.

:2. ———: ———: RULE ON JUSTICE TO ALLOW APPEAL. A rule on a justice of the peace to allow an appeal from a judgment rendered by him is not authorized by section 6333 of the Revised Statutes of 1889, when it does not appear that the party moving for the rule tendered, or was ready to perfect, the bond for the appeal within the prescribed time; the mere fact that such party called at the justice's office within that time with an intention to appeal, but failed to meet the justice, will not suffice.

*Appeal. from the St. Louis County Circuit Court.*
HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED (*with directions*).

*Alfred Gfeller* and *John R. Warfield*, for appellant.

The circuit court of St. Louis county never acquired jurisdiction in the cause, and the judgment rendered herein is void. *Brown v. Woody*, 64 Mo. 547. There must be an order from the court below granting an appeal, and unless such order appears on record the case must be stricken from the docket. *Waddell v. Blackstone*, 59 Mo. 120; R. S. 1889, sec. 6332. An appeal from a justice is not taken, until a recognizance is entered into and approved by the justice. *Slater v. Steamboat*, 10 Mo. 513; *Filley v. Walls*, 4 Mo. 271; *Cochran v. Bird*, 2 Mo. 141; *James v. Robinson*, 1 Mo. 595; R. S. 1889, secs. 6328, 6329. The recognizance is void, if not approved by the justice. *Cockrill v. Owen*, 10 Mo. 287. In all classes of appeals from one court to :another it is a fundamental principle, that it is essential to the jurisdiction of the appellate court that the appeal was taken within the time and in the manner prescribed by law, and that, where it is not so taken, the appellate court has no jurisdiction to proceed to an examination of the merits, but must strike the cause from its docket, where there are no statutory directions to do otherwise, or dismiss the appeal, or affirm the judgment where

there is a statutory direction to take this course.. *Green v. Costello*, 35 Mo. App. 134.

*Joseph T. Tatum*, for respondent.

THOMPSON, J.—This cause was commenced before a justice of the peace in St. Louis county, and trans-- ferred by change of venue to another justice, before whom such proceedings were had that, on the thirtieth day of August, 1890, a trial took place between the parties, and the justice made a finding in favor of the plaintiff in the sum of $95, and in favor of the defend- ant on the counterclaim by him filed in the sum of $63.50, and rendered judgment in favor of the plaintiff for the difference between these two sums, namely, $31.50, and also for the costs. · On the same day the defendant paid into court this judgment and costs. According to the justice's transcript no further pro- ceedings took place before him until, on the twenty- second day of November, 1890, he was served with a citation from the circuit court to show cause why an appeal should not be allowed in the case. On the same day he filed an answer to the citation, and on November 24, 1890, he received an order of the circuit court to allow an appeal and transfer the cause to that court, which he accordingly obeyed.

Turning now to the record of the circuit court, we find that, on the fifteenth day of November, 1890, the plaintiff appeared in that court, and, so far as appears, without giving any notice to the defendant, filed the following application for a citation upon the justice, to show cause why he should not allow the plaintiff an appeal to the circuit court:

"F. J. Kelm, of lawful age, being first duly sworn,. on his oath says that, during the month of August, 1890, he instituted suit before Hugo S. Jacobi, a justice of the peace for Bonhomme township, St. Louis.

county, Missouri; and that subsequently defendant took a change of venue and the cause was sent to W. H. Sappington, a justice of the peace for Carondelet township, St. Louis county, Missouri, where, on the twenty-seventh day of August, 1890, the cause was tried and finally submitted to said Justice Sappington, who took the cause under advisement and subsequently thereto decided the cause in favor of plaintiff on his claim, but allowed a counterclaim in favor of defendant; that affiant is a non-resident of St. Louis county; he was when said cause was instituted, when it was tried and decided, and still is a resident of the city of St. Louis; that, within twenty days after the trial and decision in said cause, said affiant and plaintiff went to both the residence and the office of the said last-named justice, prepared to take an appeal from the decision of said justice, and that on two several occasions he went to said places and could not find said Justice Sappington, either at his house or office, and, because of the absence of said justice, plaintiff could not obtain an appeal within the time required by law. Wherefore, the premises considered, the affiant and plaintiff prays for a rule and attachment on said Justice Sappington to compel him to allow an appeal herein, and return his proceedings in the suit, together with the papers required to be returned by him if appeal had been allowed in time. F. J. KELM,

" W. T. BODLEY,

" Attorney for Plaintiff."

Upon this application the court granted a rule upon the justice to show cause on the twenty-second of November, 1890, why he should not be ordered to grant an appeal in the case. On the twenty-fourth day of November, 1890, the justice, in obedience to this rule, answered and showed cause under oath as follows:

"I, Wm. H. Sappington, a justice of the peace within and for Carondelet township of said county, having been cited to appear before said court on this twenty-second day of November, 1890, to show cause why an appeal has not been granted to plaintiff in above styled cause, for answer to said citation make answer as follows: *First.* That the reason that an appeal was not granted in said cause was because the plaintiff, nor his attorney, never made the proper application therefor, by filing an affidavit and bond as required by law. *Second.* That the only intimation that the said justice ever had that plaintiff desired to take an appeal was by a note, left at his office on the nineteenth day of September, 1890, it being the last day on which an appeal could be granted in said cause. *Third.* That said justice was ready and willing, at any time and all times, to grant the plaintiff an appeal in said cause upon his complying with the law.

"W. H. SAPPINGTON."

Accompanying this answer of the justice was the following letter written by the plaintiff, and bearing date September 19, 1890, which, it will be perceived, was the day of the expiration of the twenty days from the date of the justice's judgment, and, consequently, the last day on which the justice could have granted an appeal, assuming, as the petition for the allowance of the appeal states, that the plaintiff was a non-resident of the county:

"SAPPINGTON, Mo., September 19, 1890.

"*Mr. Sappington, Esq.*

"SIR:—I have being out here twice to see you, but failed to see you, so I want to let you know that I will take an appeal in the matter, and, as you will be so kind and send me the bond, I will fill it out with good security—one is Mr. Bodley and the other is my brother; he

would be sufficient by himself; he is worth about $40,000. I will have the bond sined before a notary repb.

"Very resp.

"F. J. KELM."

Thereupon the circuit court entered the following order, requiring the justice to grant the appeal: "The court, having duly considered the said return, doth order that the said justice grant the said plaintiff an appeal in this cause to this court, upon the filing of a good and sufficient appeal bond, to be approved by said justice." An appeal bond bearing date November 22, 1890, and containing in its caption the recital, "Before Wm. H. Sappington, justice of the peace, Carondelet township," and signed by the plaintiff and one surety, and otherwise apparently conditioned according to law, is copied into the bill of exceptions, but it contains no indorsement showing that it was approved by the justice. Nor does it appear by a recital of the clerk of the circuit court, or otherwise, how it got into the circuit court. There is nothing to show that it was the bond required by the order of the court allowing the appeal, which was entered two days after the *teste* of this bond; nor does it appear, by a recital of the clerk, or otherwise, how it got into the record, or that it was ever approved by anyone authorized to take and approve such a bond.

The next step in the progress of this cause took place at the following term of the court, at which term the defendant appeared and filed a motion to dismiss the appeal on the following grounds: "*First.* That no appeal had been taken or perfected in said cause within the time allowed by law. *Second.* That no appeal from the judgment of the justice therein was ever properly taken, granted or allowed. *Third.* That the judgment of the justice had been fully paid and satisfied by said defendant."

This motion coming on to be heard by the court, the defendant in support of it offered testimony tending to show that no affidavit for appeal was made, or bond tendered or given by the plaintiff, or anyone for him, upon said appeal, or any application to the justice made by plaintiff for such appeal, until more than twenty days after the rendition of the judgment of the justice therein. To the introduction of which evidence the plaintiff objected, which objection the court sustained, and the defendant excepted. Thereafter, the motion being submitted, the court overruled it, and the defendant again excepted.

Thereafter the cause was called for trial on the merits, and, a jury being impaneled and evidence having been heard, there was a verdict for the plaintiff in the sum of $93 on his cause of action, and for the defendant in the sum of $23.50 on his counterclaim; and the court thereupon entered judgment in favor of the plaintiff in the sum of $69.50, to reverse which the defendant prosecutes his appeal.

The first error which is assigned is, that the circuit court erred in making the order upon the justice to grant the appeal, and in subsequently overruling the defendant's motion to dismiss the appeal. This question must be carefully considered, because it lies at the foundation of the jurisdiction of the circuit court and of this court. The jurisdiction of the circuit court in cases appealed to it from justices of the peace is acquired in a special and statutory manner, and it is necessary in every case that it should appear somewhere by the record that an appeal was granted in compliance with law.

The statutes which govern the question before us are as follows:

Kelm v. Hunkler.

"No appeal shall be allowed in any case, unless the following requisites be complied with:  *First*,  the appeal must be made within ten days after the judgment was rendered, but, if a non-resident of the county where the suit shall be instituted, the party shall, in all cases of appeal allowed by this article, have twenty days to make such appeal; *second*, the applicant, or some person for him, together with one or more solvent sureties, to be approved by the justice, must, within the time prescribed in the first clause of this section, enter into a recognizance before the justice to the adverse party, in a sum sufficient to secure the payment of such judgment and the costs of appeal, conditioned that the applicant will prosecute his appeal with due diligence to a decision, and that if on such appeal the judgment of the justice be affirmed, or upon a trial anew in the appellate court judgment be given against him, he will pay such judgment, and that, if his appeal be dismissed, he will pay the judgment of the justice, together with the costs of the appeal."   R. S. 1889, sec. 6328.   It will be perceived that this statute is negative and prohibitory, and, consequently, that the justice cannot allow an appeal, where the party desiring to appeal is a non-resident of the county, unless within twenty days from the judgment such party enter into the recognizance therein prescribed.

The next section bearing upon the question is as follows:

"No appeal shall be allowed unless the party applying therefor, or some person for him, will make affidavit that the application for an appeal is not made for vexation or delay, but because he believes the appellant is injured by the judgment of the justice, and stating whether such appeal is from the merits or from an order or judgment taxing costs."   R. S., sec. 6330.

The next applicatory section is as follows:

"The affidavit may be taken by an officer qualified to administer oaths, and shall be filed with the justice when the application for appeal shall be made. Upon request, it shall be the duty of the justice to prepare the affidavit or recognizance." R. S., sec. 6331.

The statute under which the circuit court proceeded, in allowing the appeal, is as follows:

"If the justice fail to allow an appeal in the cause, when the same ought to be allowed, or if, by absence, sickness or any other cause on his part, an appeal cannot be taken in time, the circuit court or other court having jurisdiction of such appeal, or judge thereof in vacation, on such fact satisfactorily appearing, may, by rule and attachment, compel the justice to allow the same, and to return his proceedings in the suit, together with the papers required to be returned by him." R. S., sec. 6333.

Another section may be quoted as having some bearing on the inquiry before us. It reads as follows:

"If in any case the justice shall allow an appeal, and certify in his certificate the cause of his failure to allow the same at the proper time, such appeal shall be sustained when it would have been competent for the court to have ordered the same to be allowed, and in all cases when the bond and affidavit required shall have been filed or deposited with the justice in due time, and the justice shall have returned such appeal to the appellate court, the same shall be considered as having been allowed by the justice, although no entry thereof shall appear in the record." R. S., sec. 6334.

From these statutory provisions it appears that an application for an appeal can only be made by the act of the party, who desires to appeal, in appearing before the justice before the expiration of the prescribed time, and tendering the statutory bond and affidavit, or requesting the justice to prepare such bond and affi-

davit. In the case before us it nowhere appears from any part of the record that the plaintiff, within the twenty days allowed him by law for taking the appeal, appeared at the office of the justice and exhibited the statutory affidavit and bond, or requested the justice to prepare them for him; but it may fairly be concluded from the return of the justice and the letter of the plaintiff, which he annexes as an exhibit thereto, that the plaintiff did, on the last day allowed by law for taking the appeal, appear at the office of the justice, and, finding him absent, did leave there the letter above buoted, requesting the justice to send him an appeal bond, which he promised to execute before a notary public with good security. But it does not appear that he was ready on that day with his sureties, or that the bond could have been perfected, if the justice had been found at his office or residence. On the contrary the justice returns under oath to the order to show cause that the reason why he did not grant an appeal was, that neither the plaintiff nor his attorney had ever made the proper application therefor, by filing an affi-davit and bond as required by law.

There is still another reason why we must conclude that no appeal from the justice to the circuit court was taken and perfected, as required by the statutes above recited. That reason is that the order of the circuit court requiring the justice to allow an appeal was conditioned upon the filing by the plaintiff of a good and sufficient appeal bond "to be approved by said justice." But, while there is in the bill of exceptions, without any recital showing how it got there, what purports to be a bond, bearing a *teste* two days earlier than the date of this order of the court, it nowhere appears from the justice's additional transcript, or otherwise from anything in the record, that this bond was ever approved by the justice, or even by the circuit court.

VOL. 49—43

These conclusions are strengthened by the fact that, when the defendant's motion to dismiss the appeal came on to be heard in the circuit court, the defendant offered testimony tending to show that the plaintiff had failed to take proper steps to perfect his appeal within the time prescribed by law; that he had tendered no affidavit or bond to the justice or to any person for the justice until more than twenty days after the rendition of the judgment; *and that no sufficient bond had ever been offered or approved for an appeal in said cause;* which evidence was excluded by the court.    Here, then, was a case where the record not only failed to show that any appeal bond had ever been offered or approved by the justice in compliance with the order of the court, but where the defendant, on his motion to dismiss the appeal, offered to prove that such had never been done, but was not allowed to do so.

We must conclude from the foregoing that the record fails to show that an appeal was ever properly taken and perfected from the justice of the peace to the circuit court; that, consequently, the circuit court had no jurisdiction to proceed to a trial of the merits, and that we have no jurisdiction except to order that the judgment of the circuit court be reversed, and the cause remanded with directions to that court to strike the cause from its docket for want of jurisdiction.    It is so ordered.    All the judges concur.