PETER PETZ, Respondent, v. JOHN HOFFMAN
Appellant.

**Springfield Court of Appeals, July 7, 1910.**

1. **JUSTICES' COURTS: Appeal to Circuit Court: Statutory Re-
   quirements: Appeal Bond: Record Showing Appeal Granted.** In
   taking an appeal from a judgment of a justice of the peace, it is
   necessary that the appellant comply with the requirements of
   section 4060, R. S. 1899, prescribing prerequisites to such ap-
   peals. In addition to the affidavit the law provides an appeal
   cannot be taken until a recognizance with one or more solvent
   sureties is entered into, filed with and approved by the justice
   within ten days after the judgment is rendered.

2. ————: ————: **Rule and Attachment on Justice.** The rule and
   attachment on a justice of the peace to compel the allowance of
   any appeal as provided for under section 4065, R. S. 1899, should
   issue in those cases only where the appeal ought to be allowed.
   *Held,* in this case that the rule and attachment were improvi-
   dently issued, as no sufficient recognizance had been filed with
   the justice.

3. ————: ————: **Appeal not Properly Taken: Order of Circuit
   Court.** When an appeal from a judgment of a justice of the
   peace has been improperly allowed, because of failure to com-
   ply with the requirements of section 4060, R. S. 1899, the cir-
   cuit court should make an order dismissing the invalid appeal
   and not affirm the judgment.

Appeal from Scott Circuit Court.—*Hon. Henry C.
Riley,* Judge.

AFFIRMED.

*Orren Wilson* for appellant.

*Marsh Arnold* for respondent.

NIXON, P. J.—The question presented on this ap-
peal is as to the action of the circuit court of Scott
county in holding that the defendant, John Hoffman,
had not perfected his appeal from a justice's court. The
death of the respondent has been suggested and the ap-
pearance of his executor entered.

The litigation arose in the form of a suit in replevin to recover certain hay, and plaintiff was awarded possession of the hay on January 11, 1906, after a trial before Justice L. J. Dannenmueller. Some abortive steps were thereafter taken by the defendant to secure an appeal, but no order was ever in fact made by the justice granting or allowing an appeal.

At the April term, 1906, defendant applied to the circuit court of Scott county for a rule and attachment under section 4065, Revised Statutes 1899, to compel said justice to return his proceedings in the suit, etc., alleging, in support of said application, that defendant on the day on which the judgment of the justice was rendered (January 11, 1906) made an affidavit for an appeal in statutory form and offered therewith a proper bond in double the amount of the judgment, with good, sufficient and solvent sureties, and applied for an appeal, but that said justice refused to allow said affidavit and bond to be filed in his court and refused to grant an appeal.

The circuit court thereupon ordered the justice to certify a true and complete transcript of the proceedings in the cause together with the papers therein to the circuit court.

At the October term, 1906, defendant filed a motion in the circuit court "to dismiss plaintiff's cause of action for non-prosecution," which was by the court sustained and judgment entered accordingly, and on December 17, 1906, execution for costs was issued by the circuit clerk against the plaintiff.

At the April term, 1907, the plaintiff appeared specially and filed the following motion: (Caption omitted.)

"Comes now the plaintiff herein, and appearing for the purposes of this motion only, and no other, moves the court to quash the execution issued in this case, to set aside the order made at the October term, 1906, of the court dismissing this cause, and to reinstate the

same on the docket, for the following reasons: (1) Said order of dismissal was made upon misrepresentation to the court and without any notice to or knowledge of this plaintiff. (2) This cause originated before L. J. Dannenmueller, a justice of the peace in Kelso township, in this county, before whom, on the 11th day of January, 1906, a judgment was rendered in favor of plaintiff, and defendant did not appeal from said judgment until four days thereafter, nor was any notice of such appeal ever given to this plaintiff, nor did the plaintiff at any time ever enter his appearance to said cause in this court."

The court proceeded to hear oral evidence on this motion. L. J. Dannenmueller, the justice, was sworn and testified substantially as follows: The judgment was rendered on January 11, 1906. An affidavit for an appeal was presented with a recognizance signed by defendant Hoffman only. I refused to file it and grant the appeal on the day the judgment was rendered because he did not have any sureties on the bond. Upon being asked why he refused to allow the affidavit to be filed, he answered, "Because the affidavit and bond was a joint piece of paper and the bond didn't have any sureties on it; that was my reason for not filing it." Four or five days later, the defendant came in again and brought the affidavit and bond with him. The bond was not for double the amount of the value of the property in question. I told him it would take a larger bond than he had it for. I drew up a new bond for him and he took the old affidavit and bond and the new affidavit and bond away with him and they were never returned to me or filed in my court. They wanted me to grant an appeal with only Mr. Hoffman's name on the bond and I didn't think there was any such law.

Other witnesses corroborated the statements of the justice. And it was shown that while defendant's attorney immediately after the trial said he was going to appeal, no written notice was ever given. After hear-

ing the evidence, the plaintiff's motion was sustained, and on motion of plaintiff, the judgment of the justice was affirmed. Defendant has appealed.

That the action of the trial court was proper is beyond all doubt at this late day. Section 4060, Revised Statutes 1899, provides that no appeal shall be allowed by a justice unless the appeal be made within ten days after the judgment is rendered, and unless the applicant, or some person for him, together with one or more solvent sureties, to be approved by the justice, shall within the said prescribed time enter into a recognizance before the justice to the adverse party in a sum sufficient to secure the payment of such judgment and the costs of appeal, conditioned, etc. Under this statute, it is necessary in every case appealed from a justice's court to the circuit court that the record of the justice should somewhere show that an appeal was granted in compliance with law. [Kelm v. Hunkler, 49 Mo. App. 664; Devore v. Staeckler, 49 Mo. App. l. c. 555; Moulder & Simpson v. Anderson, 63 Mo. App. l. c. 39.] Also that an appeal from a justice is not taken until a recognizance is entered into and approved by the justice. [Slater v. Steamboat Convoy, 10 Mo. 513; Hammel v. Weis, 54 Mo. App. 14; Cochran v. Bird, 2 Mo. 141.]

From the showing made, the circuit court evidently saw that it had improvidently issued the rule and attachment. Section 4065, Revised Statutes 1899, providing when justices may be compelled by rule and attachment to return the proceedings, etc., in a cause, begins with this language: "If the justice fail to allow an appeal in the cause, *when the same ought to be allowed,* . . . ." The record shows an entire failure of the defendant to comply with the statutory requirements upon which alone an appeal could be obtained. When the recognizance was first presented, it was signed by the applicant, but not also by "one or more solvent sureties" as section 4060, Revised Statutes 1899, requires. When,

four or five days later, the recognizance was again presented, the justice was not satisfied with it, because, as the justice testified, it was not for a sufficient amount. The justice then prepared a bond which presumably would have been approved had defendant presented it with one or more solvent sureties. However, no further effort was made to obtain an appeal from the justice. Not even an affidavit for appeal was filed. The circuit court should have dismissed the appeal without affirming the judgment, but that question has not been raised by appellant.

Under the authorities cited, it is obvious that the action of the trial court was entirely proper, and its judgment is affirmed. All concur.