CITY OF CARUTHERSVILLE, Respondent, v. J. I. BARNETT, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. **JUSTICES' COURTS: Appeal to Circuit Court: Statutory Requirements.** The jurisdiction of the circuit court in cases of appeal from justices of the peace is acquired in a special and statutory manner and it is necessary in every such case that it should appear that the appeal was granted in compliance with the law.

2. ——: ——: ——: **Curing Defects in Circuit Court.** The filing in the circuit court by appellant of a cost bond in a case appealed from a justice of the peace while there is a motion pending to dismiss the appeal for failure to give an appeal bond is not a compliance with section 4072, R. S. 1899, in any sense, and the motion to dismiss the appeal should be sustained.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED (*with directions*).

*W. W. Corbett* for appellant.

(1) Defendant's motion to dismiss the appeal should have been sustained. There was no appeal bond and the plaintiff cannot cure this defect by giving simply a cost bond, as was done in this case, especially after a motion is made to dismiss for want of an appeal bond. R. S. 1899, sec. 4060; Devor v. Stacker, 49 Mo. App. 547; Kelm v. Hunkler, 49 Mo. App. 664; Moulder & Simpson v. Anderson, 63 Mo. App. 34; Littlefield v. Lemley, 75 Mo. App. 511; Rocheport Bank v. Doak, 75 Mo. App. 332; Reinhardt v. Varney, 72 Mo. App. 646.

*Everett Reeves* for respondent.

NIXON, P. J.—On or about the 16th day of March, 1907, appellant was notified by the city marshal of respondent city to appear before the police judge of said

city to defend against a charge of fighting. The appellant appeared and was told by the police judge after a trial that he had been fined two dollars. His attorney filed an affidavit and bond in the usual form for an appeal to the circuit court of Pemiscot county. On the 28th day of March, the police judge filed with the clerk of the circuit court his transcript certifying that the same was a true copy from his docket and that all the original papers on file accompanied his transcript. At the next (June) term of the circuit, it was discovered that none of the original papers had been sent up by the police judge except the affidavit for appeal filed by the appellant. Whereupon, the usual order was taken upon the police judge requiring him to send up a complete transcript, but he answered that the papers had been destroyed by fire, so the papers had to be supplied, and what were supposed to be copies of the complaint and appellant's appeal bond were filed as copies; the case was continued at respondent's instance, and was again continued by respondent at the November term, 1907. At the February term, 1908, the respondent by its attorney filed a motion to dismiss the appeal for want of a proper affidavit for appeal, the affidavit having been made by appellant's attorney instead of appellant personally. The circuit judge sustained the motion, dismissed the appeal and ordered the case back to the police court. On the 14th day of May, 1908, after the appeal had been dismissed by the circuit court and remanded to the police court, there was a new city attorney, and the new city attorney had J. C. Burrus, a justice of the peace, to issue the usual summons against the appellant, wherein the respondent sued for the lump sum of $49.90, returnable on May 25, 1908. In the meantime, the clerk of the circuit court had issued a fee bill in the nature of an execution for the identical costs the city was then suing in the justice's court for, and the execution was by the clerk at the time

placed in the hands of the sheriff, who was pressing it for collection.

On the return day of the justice's summons, appellant appeared and filed a motion to dismiss the case for failure of respondent to file an itemized statement of the account sued on, or a statement of its cause of action; whereupon, respondent's attorney asked leave to file an itemized statement of the account, which request the justice granted and overruled appellant's motion to dismiss; and thereupon, the respondent's attorney procured the file papers in the appeal case in the circuit court, above referred to, and copied word for word and figure for figure, the costs that had accrued in the circuit court in the former case, and filed the same in the justice's court as the respondent's cause of action. Appellant's objection to this proceeding of the respondent's attorney was disregarded by the justice, the parties went to trial, and the above stated facts having been fully developed, the justice dismissed the case at respondent's costs. The justice allowed the respondent to appeal without bond.

When the case again reached the circuit court, the appellant (herein) filed a motion to dismiss the city's appeal as follows:    (Caption omitted.)

"Comes now the appellee in the above entitled cause and moves the court to dismiss the appeal herein for the reason that no appeal bond was given by appellant as is required by the statute, a condition upon which an appeal to this court can legally be allowed, and this court acquires no jurisdiction."

During the pendency of this motion, the city filed a cost bond as follows:    (Caption omitted.)

"We, the undersigned residents of the  State  of Missouri, hereby obligate ourselves to pay all costs that have accrued or may accrue in the above entitled cause.
                    "EVERETT REEVES,
                    "GEO. C. PEATTIE."

Caruthersville v. Barnett.

To this the appellant (herein) objected but his objection was overruled and his motion to dismiss denied. Thereafter, on trial, the city obtained judgment, and Barnett has appealed.

The jurisdiction of the circuit court in cases of appeal from justices of the peace is acquired in a special and statutory manner and it is necessary in every case that it should appear that the appeal was granted in compliance with law. [Kelm v. Hunkler, 49 Mo. App. 664; Moulder & Simpson v. Anderson, 63 Mo. App. 34.]

Section 4060, Revised Statutes 1899, pertaining to justices, provides: "No appeal shall be allowed in any case unless the following requisites shall be complied with: . . . second, the applicant, or some person for him, together with one or more solvent sureties, to be approved by the justice, must, within the time prescribed in the first clause of this section, enter into a recognizance before the justice to the adverse party, in a sum sufficient to secure the payment of such judgment and the costs of appeal, conditioned that the appellant will prosecute his appeal with due diligence to a decision, . . . "

The law governing justices of the peace and appeals and proceedings, section 4072, Revised Statutes 1899, provides: "No appeal allowed by a justice shall be dismissed for want of an affidavit or recognizance, or because the affidavit or recognizance made or given is defective or insufficient, if the appellant or some person for him will, before the motion to dismiss is determined, file in the appellate court the affidavit required, or enter into such recognizance as he ought to have entered into before the allowance of the appeal, and pay all costs that shall be incurred by reason of such defect or omission, with respect to such affidavit or recognizance."

The filing of a bond for costs during the pendency of the motion to dismiss the appeal for want of a recognizance was not a compliance with this law in any sense, and the objection of the appellant herein to the

filing of such bond for costs should have been sustained by the circuit court and appellant's motion to dismiss for want of jurisdiction should have been sustained. There was no appeal bond and the abortive attempt of the respondent city to cure the defect by filing a cost bond after a motion was made to dismiss was in no sense a compliance with the statutory requirements, and finds no sanction anywhere in the law of appellate practice governing justices of the peace. Where the record failed to show the filing of an appeal bond with the justice as required by the statute, and shows a failure to file such recognizance before the motion to dismiss was determined, the circuit court acquires no jurisdiction to try the case. Such a palpable disregard of the plain requirements of the statute cannot receive our approval. The judgment of the circuit court is reversed and the cause remanded, with directions to that court to dismiss the appeal from the justice's court. All coucur.