## CITY OF STOCKTON v. HANNAH C. BACON, Appellant.

**Division One, February 29, 1912.**

**APPEAL: Condemnation: Untimely Appeal to Circuit Court: Appellate Jurisdiction.** Where a city instituted a proceeding before the board of aldermen to have defendant's land condemned for cemetery purposes, which resulted in a judgment establishing the cemetery and assessing damages and benefits, and defendant appealed to the circuit court, and there, upon motion, the appeal was dismissed because not timely taken, an appeal from that judgment of dismissal does not involve title to real estate, and the Supreme Court is without appellate jurisdiction.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

TRANSFERRED TO THE KANSAS CITY COURT OF APPEALS.

*C. H. Skinker* for appellant.

*J. W. Collins* for respondent.

WOODSON, J.—The city of Stockton, a city of the fourth class, instituted this suit, under section 5993, Revised Statutes 1899, before the board of aldermen to condemn a tract of land, as an addition to and for cemetery purposes.

All the proceedings seem to have been regular, which resulted, on March 16, 1906, in a judgment and decision assessing damages and benefits. From that judgment, the defendant, on July 11, 1906, appealed to the circuit court of Cedar county and the case was upon change of venue taken to the circuit court of Polk county.

Prior, however, to the taking the change the appellant filed in the circuit court of Cedar county a demurrer to the proceedings and asked the court to dismiss the cause.

Also the respondent filed a motion to dismiss the appeal and strike the case from the docket, because the appeal was not timely taken.

When the cause reached the circuit court of Polk county, the motion to dismiss the appeal was taken up and considered, and was by the court sustained.

Appellant saved her exceptions, and duly appealed the cause to the Kansas City Court of Appeals; and upon motion, the latter court transferred the cause to this court, for the reason stated, that the title to real estate was involved.

I. After a careful consideration of the case, we are satisfied that the title to real estate is not involved *in this appeal.*

If the circuit court of Polk county properly dismissed the appeal, because it was not taken in time, and should this court affirm that ruling, we would simply say as it said, the appeal was not timely taken and would affirm the order of dismissal, and would no more pass upon the merits of the case, than did the circuit court.

And upon the other hand, should this court hold that the appeal was timely taken then, the order of dismissal would be set aside and the cause remanded to the circuit court to be tried upon its merits.

In neither case would the merits be involved, and in the very nature of things the title to the real estate could not be involved *in this appeal.*

The cause is, therefore, remanded to the Kansas City Court of Appeals. All concur.