CITY OF STOCKTON, Respondent, v. HANNAH C. BACON, Appellant.

Springfield Court of Appeals, July 28, 1913.

1. CONDEMNATION PROCEEDINGS: By a City: Appeal from Decision. In a proceeding by a city to condemn a tract of land for cemetery purposes under Sec. 9415, R. S. 1909 (repealed by Laws 1911, p. 342), the only provision for appeal is from the decision of the jury of freeholders in the same time and manner and to the same court as from judgments of justices of the peace. *Held,* that an appeal can be taken from the decision of the jury alone and within the time for taking appeals from justices of the peace.

2. ——: ——: ——: Bond. The bond, under Sec. 7568, R. S. 1909, relating to appeals from justices of the peace and applicable under Sec. 9415, R. S. 1909, to appeals from the decision of the jury in a proceeding of condemnation by a city, is as essential as is the affidavit.

Appeal from Polk County Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Foulke & Brown* and *C. H. Skinker* for appellant.

(1) Appeals under Sec. 5993, R. S. 1899, are regulated by the law in regard to appeals from justices of the peace, and as defendant by leave of court filed a proper amended affidavit for appeal before plaintiff's motion to dismiss was passed upon, her appeal should not have been dismissed. Sec. 4072, R. S. 1899. (2) Cities of the fourth class have no power to condemn property for a cemetery. Secs. 5217, 5220, 5972, 5993, R. S. 1899.

*J. W. Collins* for respondent.

(1) Appellant was bound under Sec. 4060, R. S. 1899, to make her appeal within ten days from March

16, 1906, the date of the filing of the jury of freeholders' report and should have appealed from that report and assessment, instead of from the decision of the board of aldermen approving same. Sec. 5993, R. S. 1899; City of Tarkio v. Clark 186, Mo. 292. (2) The circuit court not having reached or passed on the merits of the case, this court is not called on and is forbidden by statute to pass on the question of whether a city of the fourth class has power under section 5993 to condemn private property for an addition to its public cemetery. Sec. 864, R. S. 1899; Gordon v. Railroad, 113 Mo. 408; Burdoin v. Town of Trenton, 116 Mo. 358.

ROBERTSON, P. J.—This case first reached the Kansas City Court of Appeals, was transferred to the Supreme Court, is reported in 240 Mo. 482 and recently arrived here. It is a proceeding under section 9415, Revised Statutes 1909, to condemn a tract of land for cemetery purposes.

On July 10, 1905, the city of Stockton adopted an ordinance providing for the condemnation of the land and the appointment of a jury to assess the damages. In pursuance of that ordinance the mayor on July 26, 1905, appointed the jury which served a notice as provided for in said section of the statute, and on March 16, 1906, the report of the jury was filed. On the incoming and filing of this report with the city clerk the defendant filed exceptions thereto which were continued from time to time until July 9, 1906, at which time the council by order entered of record approved the report of the jury and made an entry to the effect that the defendant presented an affidavit and bond for an appeal. The bond was approved and the appeal granted. The affidavit is to the effect that the appellant considers herself aggrieved "by the judgment and decision of the board of aldermen," and the bond

is conditioned "on the judgment of the board of aldermen." After the cause reached the circuit court the defendant filed further exceptions to the proceedings challenging the jurisdiction of the city to condemn for cemetery purposes and assigned numerous other objections. At the same time the plaintiff filed a motion to dismiss the defendant's appeal and to strike the cause from the docket because the appeal was not taken from the report of the jury, as provided by law, but from the action of the board of aldermen. Thereupon the defendant by leave of court filed an amended affidavit stating that the appeal was from the report of the jury and the court then sustained the motion of plaintiff to dismiss the appeal, and the defendant perfected her appeal to the Kansas City Court of Appeals from that order.

It will be observed by reading said section 9415, Revised Statute 1909, that the only provision made for the appeal is "from the decision of the jury of freeholders in the same time and manner and to the same court as from judgments of the justices of the peace." Nothing is stated in that section about filing exceptions to the decision of the jury, nor is there any duty imposed upon the board of aldermen with reference to the action of the jury, nor any provision made for exceptions to the report of the jury; hence, we take it that an appeal should be taken from the decision of the jury, as stated in the law, and within the time as required for the taking of appeals from judgments of a justice of the peace. Said section 9415 has since been repealed. [Laws of 1911, pp. 342, 346.]

There is also another objection to the procedure adopted by the defendant in this case and that is that the bond was as defective as the affidavit, which the defendant confessed to be wrong and filed an amended one. The bond, under section 7658, Revised Statutes 1909, relating to appeals from justices of the peace, is as

essential as is the affidavit. [City of Caruthersville v. Barnett, 149 Mo. App. 162. 129 S. W. 1070; Petz v. Hoffman, 149 Mo. App. 153, 130 S. W. 98. ]

The judgment of the circuit court is affirmed. All concur.