HOLLY INVESTMENT COMPANY, a Missouri Corporation, Plaintiff-Appellant,

v.

City of KANSAS CITY, Missouri, Defendant-Respondent.

No. 25287.

Kansas City Court of Appeals, Missouri.

Feb. 2, 1970.

Charles C. Shafer, Jr., and Michael C. Boerner, Kansas City, for appellant.

CROSS, Judge.

Plaintiff corporation sued defendant city in magistrate court. The petition alleges that defendant forcibly entered upon plaintiff's property, destroyed a lock, damaged a fence and carelessly and maliciously cut down sixty growing shrubs. Prayer of the petition was for $945.00 actual damages and $1,000.00 punitive damages. Answering, defendant denies generally the allegations of the petition. Affirmatively, defendant alleges that its employees entered the premises to perform a governmental

function, i. e., to abate a public nuisance arising from an overgrowth of weeds, bushes and vegetation, detrimental and injurious to the inhabitants of the city, and accomplished that undertaking without damage to the plaintiff. Defendant pleads that it is immune from liability under those circumstances.

Trial was had before the magistrate on February 11, 1969. On that day, after hearing evidence on the contested issues, the magistrate found in favor of defendant and against plaintiff and entered judgment that plaintiff recover nothing in the action. On February 24, 1969, (thirteen calendar days after rendition of the judgment) plaintiff filed, in the magistrate court, a notice of appeal to the circuit court. On March 13, 1969, defendant filed, in the circuit court, its motion to dismiss the appeal on the ground the notice of appeal was not filed within ten days after rendition of judgment. Suggestions in support of and in opposition to the motion to dismiss were submitted by the respective parties, but no evidence or oral argument thereon was heard by the circuit court. On March 24, 1969, the circuit court sustained defendant's motion and dismissed the appeal. From that order plaintiff appeals to this court.

The only point made here by plaintiff is to the effect that the circuit court erred in dismissing plaintiff's appeal from the judgment rendered in the magistrate court. This contention is founded essentially upon the proposition that plaintiff undertook to file a notice of appeal within the time allowed by law, namely on the tenth day after judgment, but could not do so because the magistrate court was closed and the magistrate was not available on that day—thereby creating an "impossibility of performance". Plaintiff submits that those circumstances are sufficiently extenuating to excuse the failure to file the notice on the tenth day and justify its filing on the thirteenth day after entry of judgment. Facts hereinafter set out as bearing on this question appear from the pleadings, suggestions filed by the parties, and affidavits thereto attached.

Plaintiff claims that it attempted to file a notice of appeal on Friday, February 21st 1969, same being the tenth calendar day following entry of judgment, but "found" that the magistrate court and office of its clerk were closed. This latter fact is attested by the affidavit of Barbara Wyatt, a deputy clerk of the magistrate court wherein she states: "that said Magistrate Court was closed on Friday, February 21, 1969, in honor of George Washington's birthday anniversary; that said Magistrate Court was closed on Saturday, February 22, 1969, the actual date of George Washington's birthday anniversary; that said Magistrate Court was closed on Sunday, February 23, 1969; and that the first day said Magistrate Court was open following Thursday, February 20, 1969, was Monday, February 24, 1969."

■ Plaintiff seeks to account for the closing of the magistrate court on February 21st, 1969, by exhibiting a copy of a standing order made by the county court declaring certain days as "holidays for all full-time county employees", (inclusive of Washington's birthday on February 22nd) and, further declaring that "If a holiday falls on a Saturday the *preceding* Friday shall be observed as a holiday." Plaintiff rationalizes that the foregoing order was promulgated by a "competent governmental authority", and, that, hence, Friday, February 21st was thereby designated to be a legal holiday within purview of Civil Rule 44.01(a), V.A.M.R. which provides that " * * * in computing any period of time prescribed * * * by any applicable statute, * * * The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a legal holiday." Therefore, says plaintiff, February 21st should be excluded in computing the time for taking the appeal, and since Monday, February 24th, was the next succeeding day which was neither Sunday or

a legally constituted holiday, that day became, and must be considered to be the final day of the period allowed for taking the appeal. We are more impressed by the novelty of this proposition than its merit. It is not conceivable that the running of time allowed by statute for taking appeals is subject to interruption or extension by an order of a county court. Such authority is not even possessed by courts of justice and is expressly withheld from them by the Civil Code and Rules of Civil Procedure. See V.A.M.S. Section 506.060 paragraph 2(2) which specifically provides that courts "may not enlarge the period for filing a motion for or granting a new trial, or for commencing an action or taking an appeal as provided by this code."

There is more color of merit in plaintiff's claim of "impossibility of performance." Insofar as February 21st is concerned, it is apparent from alleged facts before us (if true) that the notice of appeal could not have been filed on that day because neither the magistrate nor his clerical force was then available. The law providently affords a remedy to litigants who find themselves in such dilemma. Unfortunately, from plaintiff's standpoint, the remedy has not been utilized, as appears later herein.

Appeals from magistrate courts are governed by statutes found in V.A.M.S. Chapter 512, enacted pursuant to Constitution, 1945, Art. 5, Section 20, V.A.M.S., which provides that appeals from magistrate courts shall be as provided by law for appeals from justices of the peace, unless otherwise provided by law. Applicable sections are essentially reenactments of statutes of ancient vintage which have remained in the laws of Missouri without material change since 1879, except that the reenactments are made referable to magistrate courts instead of justices of the peace.

■ Appeal is a right conferred only by statute and must be taken in accordance therewith. "The jurisdiction of the circuit court in cases appealed to it from justices of the peace is acquired in a special and statutory manner, and it is necessary in every case that it should appear somewhere by the record that an appeal was granted in compliance with law." Kelm v. Hunkler, Mo.App., 49 Mo.App. 664. In this connection, it is universally held that the *timely* filing of a notice of appeal is the vital step for perfecting an appeal and is an indispensable prerequisite to appellate jurisdiction. See Fagan v. Hamilton Bank, Mo.Sup., 327 S.W.2d 201 and cases cited.

■ The *right* of appeal from magistrate court is provided by V.A.M.S. Section 512.180. The *manner* of appeal is prescribed by V.A.M.S. Section 512.190 which provides in pertinent part that "A party or his agent may appeal from a judgment by filing notice of appeal with the magistrate within ten days after the judgment is rendered." It is apparent the foregoing requirement is not satisfied by the notice of appeal in this case since it shows on its face it was not filed within the prescribed ten days. The filing of the magistrate court transcript in the circuit court served no effectual purpose except to demonstrate by its own content that the notice of appeal was filed out of time, hence, not in compliance with the statute. It follows as a natural sequence that the circuit court acquired no jurisdiction to entertain the attempted appeal. See Clapper v. Bradshaw, 163 Mo.App. 587, 146 S.W. 1177. On the basis of the record before it the circuit court was constrained to sustain the city's motion to dismiss.

However, as previously noted, notwithstanding plaintiff's ineffectual effort to appeal by filing an out of time notice, plaintiff had not exhausted all available means of relief. Instead of standing on its original notice and opposing dismissal, plaintiff, by timely action, could have taken legal steps to compel the magistrate to enter an effective appeal which would have conferred jurisdiction upon the circuit court to proceed in the case all as au-

thorized by V.A.M.S. Section 512.220, quoted as follows:

"512.220 Magistrate compelled to enter appeal, when

If the magistrate fail to enter an appeal in the cause, when the same ought to be entered, or if, *by absence, sickness or any other cause on his part,* an appeal cannot be taken in time, the circuit court, or other court having jurisdiction of such appeal, or judge thereof in vacation, on such fact satisfactorily appearing, may by rule and attachment, compel the magistrate to enter the same, and to return his proceedings in the suit, together with the papers required to be returned by him." (Emphasis supplied.)

■ Plaintiff has ignored the remedy provided by Section 512.220 and consequently forfeits its benefit. In reaching this conclusion we follow the Supreme Court's ruling in Pearson v. Carson, 69 Mo. 569, which we consider to be controlling authority on the question. The Pearson case is factually on all fours with the instant case and was decided on the basis of an existing statute identical in effect with present V.A.M.S. 512.220. It appears that in the Pearson case the plaintiff went in person to the office of the justice of the peace on the tenth day after rendition of a judgment against him, for the purpose of taking an appeal, but found the justice absent therefrom, found no one in the office authorized to transact business for the justice, and learned that the justice was absent from the county and would not return until time for perfecting appeals had expired. Thereafter, and on the twelfth day following entry of judgment, plaintiff filed his affidavit and bond for appeal with the justice and appeal was allowed to the circuit court. Defendant filed a motion to dismiss and upon hearing plaintiff presented his affidavit in opposition to the motion setting forth facts hereinabove stated. The circuit court sustained the motion and dismissed the appeal for the reason it

was improperly allowed by the justice. Affirming, the Supreme Court said:

"The circuit court did right in dismissing the appeal. * * * When by reason of the absence or sickness of the justice a party is prevented from taking the necessary steps to obtain an appeal, application should be made to the circuit court, or other court having jurisdiction of such appeal, for a rule upon the justice requiring him to allow the same. 2 Wag.Stat. 849, Sec. 10. In no other way can the justice lawfully grant an appeal after the time has elapsed, within which a party is required to move to set aside a default and no such motion has been made. The judgment of the circuit court dismissing the appeal must therefore be affirmed."

We rule that the circuit court committed no error by dismissing the attempted appeal. The judgment is affirmed.

All concur.