**B. J. SETTLE, d/b/a Central States Distributors, Respondent,**

v.

**Wesley C. LONA, Jr., Appellant.**

**No. WD 32438.**

Missouri Court of Appeals, Western District.

May 4, 1981.

**572**

Richard E. Armitage, Kansas City, for appellant.

James P. Fluker, Kansas City, for respondent.

Before TURNAGE, P. J., and KENNEDY and MANFORD, JJ.

MANFORD, Judge.

This is an original action in replevin or in the alternative, for conversion of personal property. Judgment was entered by an associate circuit judge. This appeal arises from a judgment by the circuit court in the form of an order dismissing, for want of jurisdiction, appellant's Notice of Appeal and Application for Trial De Novo. The judgment is reversed and the cause remanded.

Since this opinion does not address the merits of respondent's substantive claim or any defenses alleged relative thereto, only those facts which apply to the disposition of the cause by the circuit court need be mentioned. Briefly, these are:

1. After the hearing and after the evidence was adduced, judgment against appellant was entered on October 22, 1980 by the associate circuit judge.

2. On November 3, 1980, appellant filed his Notice of Appeal and Application for Trial De Novo with the circuit court.

3. On November 26, 1980, the circuit court dismissed said appeal and application for want of jurisdiction because the statutory requirements concerning the filing of said appeal and application were not met.

The circuit court, in its order and judgment, concluded that § 512.190.1, RSMo 1978 was applicable to the instant case and concluded that appellants had failed to comply with this statute. The pertinent portion of § 512.190.1 reads as follows:

"The right of a new trial * * * shall be perfected by filing an application for trial de novo with the clerk serving the associate circuit judge within ten days after the judgment is rendered * * *"

The circuit court concluded that appellant's filing of said appeal and application, having been filed on November 3, 1980, was untimely and hence failed to comply with the ten-day requirement of § 512.190.1. In support of its conclusion, the circuit court noted the requirements of Rule 46.01, which reads as follows:

"46.01 Clerk's Office, Open When—Motions and Proceedings Grantable by Clerk

The clerk's office with the clerk or a deputy in attendance shall be open during business hours on all days except Sundays and legal holidays. All motions and applications in the clerk's office for issuing mesne process, for issuing final process to enforce and execute judgments, and for other proceedings which do not require

allowance or order of the court are grantable as of course by the clerk; but this action may be suspended or altered or rescinded by the court upon cause shown."

The circuit court further noted of its own knowledge that the clerk's office was open on November 1, 1980.

In further support of its conclusions, the circuit court relied upon the cases of *Holly Investment Company v. Kansas City*, 450 S.W.2d 451 (Mo.App.1970); *R. B. Industries, Inc. v. Goldberg*, 601 S.W.2d 5 (Mo.banc 1980) and Mo.Const. Art. V, § 5. The court concluded that it was without jurisdiction and dismissed appellant's appeal and application as untimely.

The disposition of this matter turns upon whether or not appellant's appeal and application were timely filed. We have a rule in addition to § 512.190.1 that prescribes the time limitation for such filing. This rule is 44.01(a). The pertinent portion of that rule reads:

> "(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a *Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.*" (emphasis added)

There are succeeding subsections to Rule 44.01 which bear no application to the instant case. It should be further noted that Rule 44.01 comports with the requirements of § 512.190.1. It is this rule, and not 46.01, which controls the instant case. The computation of time for the filing of such matters is neither alluded to nor controlled by Rule 46.01. Parties to litigation are entitled to rely upon those rules which specify the time limitations during which they must perform certain functions. The fact that the clerk's office was open, even with the circuit court's knowledge, does not control.

Rule 46.01 does not supersede or circumvent Rule 44.01, and it was error for the court to reach such a conclusion.

The circuit court, in relying upon *Holly, supra*, overlooks the fact that Holly interpreted the former Rule 44.01, which did not include specific reference to the exclusion of Saturday. *Holly* has no application to the instant proceedings and as the history of Rule 44.01 reflects, this rule was revised in 1972 to specifically exclude Saturday.

The circuit court's application of and reliance upon *R. B. Industries, Inc., supra*, is equally misapplied. That case addresses the administrative procedures of the Missouri Department of Revenue and deals with subsections 44.01(e) (additional time after service by mail) and the relationship of that subsection to 44.01(a). *R. B. Industries, Inc.* has no application to the instant proceedings.

The circuit court, in its order, relied upon Mo.Const. Art. V, § 5, which authorizes the state Supreme Court to establish rules relating to practice and procedure. This reference does not validate the otherwise erroneous order and judgment of the circuit court herein.

Rule 44.01(a) was in full force and effect at the time of the activities and the ruling made by the circuit court herein. The circuit court was bound to follow and to adhere to that rule. In accordance with that rule, appellant's filing of his appeal the following Monday (November 3, 1980) was timely and the circuit court retained jurisdiction as a result of said filing. It was error for the circuit court to have dismissed the appeal and application on the basis of a want of jurisdiction.

For the reasons set forth herein, this cause is reversed and remanded for further proceedings consistent with the ruling herein.

All concur.